R. Patrick O'Malley *vs.* Maria O'Malley.

Middlesex. November 10, 1994. - January 27, 1995.

Present: Liacos, C.J., Wilkins, Abrams, Nolan, & Greaney, JJ.

*Interest. Judgment,* Correction of judgment, Interest. *Jurisdiction,* Reconsideration of order or judgment.

In a civil action, the failure to include prejudgment interest in the judgment was a clerical mistake remediable by a motion under Mass. R. Civ. P. 60 (a), as the award of prejudgment interest is a matter of right under G. L. c. 231, § 6C, and is not discretionary. [379-381]

A plaintiff who did not appeal the lawfulness of an order allowing the defendant to deposit the unpaid balance of a civil judgment in interest-bearing accounts, which would generate all the postjudgment interest to which the plaintiff would be entitled, could not rely on a Mass. R. Civ. P. 60 (b) (4) motion for relief from an order that is void, where the order was not void. [381-382]

Civil action commenced in the Superior Court Department on December 4, 1989.

Motions to correct an amended judgment so as to award prejudgment interest and to amend or vacate an order concerning postjudgment interest were heard by *Christina L. Harms,* J., sitting under statutory authority.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Paul C. Brennan* for the plaintiff.

*Charles J. Bowser, Jr. (Sarah R. Weinstein* with him) for the defendant.

Wilkins, J. When the parties (Patrick and Maria) were divorced in 1987, they entered into an agreement that was incorporated in and survived their divorce judgment in which they agreed to distribute between them a jointly-owned business property in Fall River and a restaurant business operated on that property. They agreed that the business would

be sold, that Patrick would receive 20% of the net proceeds of the sale, and that, until the business was sold, Patrick would receive 20% of its net income. They also agreed that the real estate would be sold, that Patrick would receive a portion of the proceeds of the sale, and that, until it was sold, he would receive all the net income from the real estate.

Patrick commenced this action in 1989 to recover the net income from the real estate and 20% of the net income from the restaurant. A judge of the Probate and Family Court, sitting by designation, ruled that the real estate had generated no net income and made no award on that claim. She ruled that Patrick was entitled to $267,374, based on separate calculations of the restaurant's profits in 1987, 1988, and 1989. Judgment was entered against Maria on June 27, 1991, in the amount of $267,374. The judgment made no reference to the payment of interest, nor did the judge make any statement concerning interest in her findings of fact and conclusions of law.[1] Patrick did not appeal.

The substantive issues in this appeal by Patrick from post-judgment rulings concern (a) the judge's refusal to remedy the absence from the Superior Court judgment of any allowance for prejudgment interest on the amounts awarded to Patrick as his share of the restaurant's profits and (b) the lawfulness of an order, entered in August, 1991, that allowed Maria to deposit the unpaid balance of the judgments in the two proceedings (after paying Patrick $100,000) in interest-bearing accounts.[2] As to each substantive issue, however,

---

[1] At the same time that the judge was considering Patrick's claim for damages for breach of the agreement concerning the restaurant and real estate, she had before her Maria's complaint for modification of the Probate and Family Court divorce judgment that had incorporated the terms of the parties' agreement. The judge modified the agreement so as to award Patrick specific amounts from Maria for his interests in the restaurant and real estate. The judge expressly declined to award interest on either of the specific amounts that she ordered Maria to pay to Patrick in the modified divorce judgment. None of the issues involved in this appeal directly concerns the Probate Court proceeding.

[2] The order, from which Patrick took no timely appeal, stated that Maria's interest obligation under the judgments would cease as of the date the deposits were made and the interest earned on the accounts would be all

there is a preliminary procedural question which, if decided against Patrick, will make our consideration of its merits unnecessary.

We transferred Patrick's appeal here on our own motion. We conclude that, in the circumstances, there is no limitation on the time within which Patrick may challenge the absence of an award of prejudgment interest in the Superior Court judgment and further conclude that he is entitled to prejudgment interest. On the matter of the lawfulness of the order permitting Maria to deposit funds in escrow, we conclude that Patrick did not seasonably claim an appeal from that order and that, therefore, the substantive issue is not properly before us for review.

1. When, in March, 1993, he filed a motion to correct the judgment, Patrick for the first time raised an objection to the absence of an award of prejudgment interest in the June, 1991, Superior Court judgment. The trial judge denied the motion without filing any memorandum of decision, and Patrick appealed. Patrick argued below, and now argues, that Mass. R. Civ. P. 60 (a), 365 Mass. 828 (1974), provides a proper basis for filing his motion to challenge the absence of an award of prejudgment interest.

Rule 60 (a) permits the correction of clerical mistakes in judgments at any time on motion of a party. The first issue is whether, assuming that there was a mistake, that mistake was a clerical one. If it was not clerical, Patrick could seek relief only by a timely motion for relief under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), by a timely motion to amend the judgment under Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), or by a timely appeal from the judgment, none of which courses Patrick pursued.

The failure to include prejudgment interest in the judgment was a clerical mistake remediable by a rule 60 (a) motion. We have generally viewed mistakes in the computation

the interest to which Patrick would be entitled from the date of deposit forward. At the time of the August, 1991, order Maria had purportedly filed a notice of appeal from the Superior Court judgment (and, we infer, also from the Probate Court judgment).

of interest as clerical. See *Bernier* v. *Boston Edison Co.*, 380 Mass. 372, 388 n.17 (1980) (mistake concerning date of interest accrual was clerical, citing *Glick* v. *White Motor Co.*, 458 F.2d 1287, 1293-1294 [3d Cir. 1972], which held omission of prejudgment interest to be correctable under Fed. R. Civ. P. 60 [a]); *Trustees of the Boston & Me. Corp.* v. *Massachusetts Bay Transp. Auth.*, 367 Mass. 57, 62-63 (1975) (clerk's erroneous addition of interest was clerical mistake); *Worsnop* v. *Texaco, Inc.*, 386 Mass. 1005, 1006 (1982) (rescript opinion) (same).[3]

There is no indication that the judge considered the interest question and then ruled that prejudgment interest should be denied. Her memorandum of decision is silent on the matter. She specifically focused on the question of prejudgment interest in the companion Probate Court action and, for a reason that has no connection with the grant or denial of interest in this case, expressly denied prejudgment interest in her contemporaneous memorandum of decision in the Probate Court case. See note 1 above. Moreover, in a postjudgment hearing, the judge stated that she had not considered the question of prejudgment interest in the Superior Court matter. We are satisfied that the judge did not make any implicit ruling of law denying prejudgment interest. Because Patrick was entitled to prejudgment interest as a matter of law (G. L. c. 231, § 6C [1992 ed.]), the judgment should have included such an award. If an award of interest is a matter of right, and not discretionary, the cognate Federal Rule of Civil Procedure, rule 60 (a), may be used to correct a judgment in order to include interest. See 11 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2854, at 152 (1973).

---

[3]Rule 60 (a) may not be used, however, postappeal to correct a miscalculation of interest that could have been challenged on appeal but was not. See *Frank D. Wayne Assocs., Inc.* v. *Lussier*, 394 Mass. 619, 621-623 (1985).

Section 6C of G. L. c. 231, concerning prejudgment inter-est in contract actions, commands a ministerial act.[4] See *Sterilite Corp.* v. *Continental Casualty Co.*, 397 Mass. 837, 839 (1986). Interest in similar situations attaches automati-cally (see, e.g., *McEvoy Travel Bureau, Inc.* v. *Norton Co.*, 408 Mass. 704, 716-717 [1990] [G. L. c. 231, § 6B (1992 ed.)]; *Osborne* v. *Biotti*, 404 Mass. 112, 114-115, 117 [1989] [G. L. c. 235, § 8 (1992 ed.); Mass. R. Civ. P. 54 [f], as amended, 382 Mass. 822 (1980)]), and thus, for interest to be awarded, a judge need not mention it (see *Osborne, supra* at 117; *Salem Country Club, Inc.* v. *Peabody Redevelopment Auth.*, 21 Mass. App. Ct. 433, 438 [1986] [G. L. c. 79, § 37 (1992 ed.)]).

Patrick is entitled to an award of prejudgment interest cal-culated from the end of each year (1987, 1988, 1989) in which the judge determined that Patrick was entitled to 20% of the restaurant's profits, based on the amounts determined by the judge for each year (with a credit for the amount that Maria paid for 1987 as of the date of that payment).

2. Patrick's challenge to the August, 1991, order allowing Maria to place the balance of the judgment in interest-bear-ing escrow accounts came too late.[5] Patrick did not seasona-bly appeal from that order and raised the issue for the first time (after entry of the order) in June, 1992, when he unsuc-cessfully moved to amend or vacate it. Patrick seeks to jus-tify the propriety of his motion to amend or vacate (and two

---

[4]General Laws c. 231, § 6C (1992 ed.), provides: "In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the clerk of the court, at such contractual rate, or at the rate of twelve per cent per annum from the date of commencement of the action."

[5]The judge did not indicate any authority for the entry of such an order. Maria's motion for leave to deposit money while her appeal was pending relied on Mass. R. Civ. P. 67, 365 Mass. 835 (1974). We need not decide whether rule 67 may be used to stop interest from running on a judgment while the losing party takes an essentially no-risk appeal (except for costs and counsel fees).

subsequent unsuccessful attempts) on the ground that the escrow order was void. He relies on Mass. R. Civ. P. 60 (b) (4), 365 Mass. 828 (1974), which authorizes a judge on a motion filed within a reasonable time, to relieve a party from an order that is void. He claims that the judge lacked jurisdiction over Maria's motion and that the order was also void because its entry violated his right to due process.

The August order may or may not have been unlawful (a point that we need not decide), but it was not void.[6] Jurisdiction is lacking over the subject matter for rule 60 (b) purposes only if there is a total want of jurisdiction over the case or a clear usurpation of power. See *Harris* v. *Sannella*, 400 Mass. 392, 395-396 (1987); *O'Dea* v. *J.A.L., Inc.*, 30 Mass. App. Ct. 449, 455-456 & n.12 (1991). That is not the case here. The judge acted in a case over which she had jurisdiction, one in which she had made findings and rulings.

The claim that the order is void because it denied Patrick due process rights also lacks merit. Patrick had a right to challenge the order by an appeal. An unappealed and now unappealable, even if unlawful, order or judgment would not usurp a property right in violation of one's right to due process.

3. The judgment is vacated insofar as it fails to award the plaintiff prejudgment interest. The amount of prejudgment interest payable to the plaintiff shall be calculated as directed in this opinion and then awarded to the plaintiff in a new judgment. The plaintiff is entitled to postjudgment interest on the prejudgment interest awarded, from the date of the entry of the original judgment to the date of entry of judgment after rescript.

*So ordered.*

---

[6]An appeal from that order could have been taken to challenge the judge's determination that such an order could properly be entered. A rule 60 (b) motion is not a proper alternative to a timely appeal. See *Harris* v. *Sannella*, 400 Mass. 392, 395 (1987).