SAINT–GOBAIN INDUSTRIAL CE-
RAMICS INC., Plaintiff and De-
fendant–in–Counterclaim,

v.

WELLONS, INC., Defendant and
Plaintiff–in–Counterclaim.

No. Civ.A. 97–40221–NMG.

United States District Court,
D. Massachusetts.

May 22, 2000.

Vincent F. O'Rourke, Jr., Bowditch & Dewey, Worcester, MA, Stephanie L. Kra-

lik, Kenneth I. Levin, Pepper, Hamilton, LLP, Philadelphia, PA, for plaintiff.

James A.G. Hamilton, Ronald A. Chung–A–Fung, Perkins, Smith & Cohen, Boston, MA, for defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

This Court presided over a jury trial in the above-captioned civil action between April 3 and April 18, 2000. The jury returned a verdict in favor of Wellons on its breach of warranty claim and awarded damages of $650,000. Pending before this Court is Wellons' request that pre-judgment interest be added to the judgment on the jury verdict, calculated at the Massachusetts statutory rate of twelve (12) per cent per annum from December 31, 1995 through the date of judgment.

The award of pre-judgment interest to a successful party in a contract action is required under M.G.L. c. 231, § 6C:

> In all actions based on contractual obligations, upon a verdict . . . for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of breach or demand.

 Saint–Gobain argues that Wellons is not entitled to pre-judgment interest because the warranty provision contained in the contracts between the parties precludes such an award. The warranty provides:

> In no case shall [Saint–Gobain] be liable for any incidental, special contingent, consequential, or any other type of damages or costs or for any obligation or undertaking not expressly stated herein.

Pre-judgment interest is not, however, an item of damages but rather a ministerial addition to a verdict for damages, *See O'Malley v. O'Malley,* 419 Mass. 377, 645 N.E.2d 684, 686 (1995), and the warranty does not preclude the award of pre-judgment interest.

 Because Wellons is entitled to pre-judgment interest from the date of the breach of warranty, the relevant inquiry is when the breach occurred. For purposes of computing pre-judgment interest, the date of breach of warranty is the date when tender of delivery was made. *United California Bank v. Eastern Mountain Sports, Inc.,* 546 F.Supp. 945, 979 (D.Mass. 1982). Here, Wellons argues that tender of delivery of the goods at issue was made no later than the undisputed date of commencement of operations at the Brookneal plant on December 31, 1995.

 Saint–Gobain, citing *Deerskin Trading Post, Inc. v. Spencer Press, Inc.,* 398 Mass. 118, 495 N.E.2d 303, 308 (1986), disagrees and argues that because the jury did not make a specific finding as to the date of breach or demand, the earliest date from which prejudgment interest may be assessed is December 8, 1997, the date on which Wellons filed its counterclaim. In *Deerskin,* pre-judgment interest was calculated from the date of the filing of the claim only because the date of the breach was uncertain. Here, the date of breach can be established from the undisputed facts. This Court finds that tender of delivery was made no later than December 31, 1995, the date of commencement of operations at the Brookneal facility and that prejudgment interest should accrue from that date.

## ORDER

For the foregoing reasons, pre-judgment interest shall be added to the judgment on the jury verdict for compensatory damages for breach of warranty, calculated at the Massachusetts statutory rate of twelve (12) per cent per annum from December 31, 1995 through the date of the judgment. **So ordered.**