[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1312

TRANS NATIONAL COMMUNICATIONS, INC.,

Plaintiff, Appellee,

v.

OVERLOOKED OPINIONS, INC.,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Boudin and Lipez, Circuit Judges.

---

C. Enrico Schaefer and Smith & Johnson, Attorneys, P.C. on
brief for appellant.

---

July 12, 2000

---

**Per Curiam**. Overlooked Opinions, Inc. ("OOI") appeals from the district court's denial of its motion pursuant to Fed.R.Civ.P. 60(a) for correction of the judgment entered in its favor to include prejudgment interest pursuant to Mass.Gen.Laws ch. 231, § 6C.

"In diversity cases, state law must be applied in determining whether and how much pre-judgment interest should be awarded." Fratus v. Republic Western Ins. Co., 147 F.3d 25, 30 (1st Cir. 1998). Under Massachusetts law, prejudgment interest "attaches automatically" to all judgments for pecuniary damages in breach of contract actions. O'Malley v. O'Malley, 419 Mass. 377, 381 (1995). The statute provides that interest "shall be added by the clerk of the court to the amount of damages." Mass.Gen.Laws ch. 231 §6C. It "commands a ministerial act." O'Malley, 419 Mass. at 381.

Here, the form of judgment entered was one that had been agreed upon and proposed by the parties. It awarded damages to OOI on certain claims, including a breach of contract claim, "exclusive of interest and costs." At the time that judgment entered, some of OOI's counter claims against Trans National Communications, Inc. ("TNC") had not yet been adjudicated. The proposed form of judgment agreed

to by the parties and adopted by the court included the following statement:

> All other claims by [OOI] against [TNC], including but not limited to claims for attorney's fees, are dismissed with prejudice, having been knowingly and intentionally waived by [OOI].

Judgment in that form entered on August 4, 1999. On November 2, 1999, OOI filed its motion pursuant to Fed.R.Civ.P. 60(a), for the district court to correct the judgment to include prejudgment interest pursuant to Mass.Gen.Laws ch. 231, § 6C.

Rule 60(a) allows for the correction "at any time" of "clerical mistakes" or "errors arising from oversight or omission." Fed.R.Civ.P. 60(a). It "enables a court to ensure that its orders, judgments, and other parts of its record of proceedings are an accurate reflection of the true actions and intent of the court and the parties." 12 James Wm. Moore, <u>Moore's Federal Practice</u> § 60.02[1] (3d ed.). "Rule 60(a) is not a vehicle . . . to change that which has been deliberately done." 11 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2854 at 249 (2d ed. 1995).

In denying OOI's Rule 60(a) motion, the district court found that the failure of the judgment to include

prejudgment interest did not result from oversight or omission, but instead accurately reflected the agreement of the parties "through an assented-to judgment in which all but post-judgment interest was waived." Memorandum and Order, 1/25/00, pp. 5-6.  The district court specifically found, based upon the language of the assented-to judgment and OOI's course of conduct after judgment entered, that the omission of prejudgment interest from the judgment was consistent with the parties' agreement.  That finding is supported by the record and is not clearly erroneous. Because the district court supportably found that the judgment's failure to include prejudgment interest was an accurate reflection of the parties' intent, it properly denied OOI relief pursuant to Fed.R.Civ.P. 60(a).[1]

The district court's denial of OOI's Motion to Correct a Clerical Mistake is <u>affirmed</u>. <u>See</u> Loc. R. 27(c).

---

[1] OOI argues on appeal that its statutory right to prejudgment interest is not waivable.  However, OOI has not cited, and we are not aware of, any authority supporting the position that parties may not enter an agreement to waive their right to prejudgment interest under Massachusetts law.