Lauriat, J.
On October 24, 2002, the Appeals Court affirmed upon rescript a judgment entered by the Superior Court in favor of the plaintiff, Robert L. Scott (“Scott”), after a juiy trial in this case. Scott v. Boston Housing Authority, 56 Mass.App.Ct. 287 (2002), further rev. denied, 438 Mass. 1108 (2003). Scott has now moved for (1) an award of prejudgment interest, to be calculated from the date on which the Boston Housing Authority (“BHA”) failed to renew his employment contract, or alternatively, from the date on which Scott filed a complaint with the Massachusetts Commission Against Discrimination (“MCAD’j; (2) the compounding of any interest award; (3) the addition of prejudgment interest to the judgment and the calculation of postjudgment interest thereupon; and (4) reasonable attorneys fees following the appeal. The BHA opposes Scott’s motion, asserting that Scott waived any interest-related claim by failing to raise the issue on appeal or, in the alternative, that any deviation from the Appeals Court’s rescript violates Rule 28 of the Massachusetts Rules of Appellate Procedure. For the following reasons, Scott’s motion is allowed in part and denied in part.
BACKGROUND
On August 28, 1987, the BHA failed to renew Scott’s employment contract allegedly on account of his age, in violation of G.L.c. 151B. OnFebruary 5,1988, Scott filed a complaint with the MCAD. On September 26, 1988, Scott filed the present action in the Superior Court. After three trials over ten years, ajuiy awarded Scott$173,000 in lost wages and benefits and $45,000 in emotional distress against the BHA, as well as $74,000 in lost wages and benefits and $19,500 in emotional distress against Robert A. Firth (“Firth”), Scott’s supervisor at the BHA. The jury then doubled its awards, finding that both defendants had reason to know that their conduct was improper. After the jury’s verdict, Scott sought an award of his attorneys fees and costs. After a hearing, the court awarded Scott $121,875 in attorneys fees and $3,560.74 in costs. Final judgment entered in the Superior Court on or about May 29, 1998.
The BHA appealed from the Superior Court’s final judgment. On October 25, 2002, the Appeals Court affirmed the final judgment in all respects and awarded Scott an additional $14,683 in attorneys fees and $200 in costs. The BHA unsuccessfully sought further appellate review by the Supreme Judicial Court. Scott v. Boston Housing Authority, 438 Mass. 1108 (2003). Scott thereafter filed his present motion for additional interest, attorneys fees and costs.
DISCUSSION
I.
The BHA asserts that Scott’s failure to object or to appeal the form of final judgment entered by the Superior Court, which did not provide for any interest *578 on the damages award, precludes him from now bringing this motion before this court. Mass.R.App.P. Rule 16(a)(4). The BHA further contends that any award of interest by the Superior Court would modify the Appeals Court’s rescript, in violation of Mass.R.App.P. Rule 28, which directs the clerk to prepare, sign, and enter judgment in accordance with the rescript.
There is no merit to either of the BHA’s contentions. The absence of a provision for interest on damages in a judgment or rescript is of no import. It is well settled that even though a judgment or rescript does not expressly include interest on an award, a party is nonetheless entitled to recover statutory interest on that award. Osborne v. Biotti, 404 Mass. 112, 117 (1989); J.J. Struzziery Co., Inc. v. A.V. Taurasi Co., Inc., 342 Mass. 113, 115 (1961) (rescript upholding final decree of Superior Court carried with it allowance for statutory interest notwithstanding absence of language in rescript so indicating). By operation of law, statutory interest arises automatically upon entry of judgment. Id.; O’Malley v. O'Malley, 419 Mass. 377, 380 (1995); G.L.c. 231, §§6B, 6C, and 6H; Mass.R.Civ.P. 54(f). Contrary to the BHA’s suggestion, the form of the judgment entered in Superior Court was not defective with respect to statutory interest. Thus, Scott had no reason to object or to raise the issue on appeal.[1]
The court observes no conflict between Rule 28 of the Massachusetts Rules of Appellate Procedure and the addition of prejudgment or postjudgment interest. Rule 54(f) of the Massachusetts Rules of Civil Procedure provides that:
Every judgment for the payment of money shall bear interest up to the date of payment of said judgment. Interest accrued up to the date of entry of judgment shall be computed by the clerk according to law. Unless otherwise ordered by the court, interest from the date of entry of a judgment to the date of execution or order directing the payment of said judgment shall also be computed by the clerk, and the amount of such interest shall be stated on the execution or order.
It is evident from the plain language of Rule 54(f) that everyjudgment carries with it interest as provided by law until satisfied, whether or not the judgment so indicates. O’Malley, 419 Mass. at 380; J.J. Struzziery Co., Inc., 342 Mass. at 115; G.L.c. 231, §§6B, 6C, and 6H. Moreover, the addition of statutory interest is an administrative duty of the clerk of court upon the entry of a final judgment, not a substantive legal claim or prayer for relief as the BHA suggests. O’Malley, 419 Mass. at 381 (G.L.c. 231, §6C commands a ministerial act); see also G.L.c. 231, §§6B, 6C, and 6H. Thus, the addition of interest by the clerk does not modify the substance of the judgment and does not conflict with Rule 28 of the Massachusetts Rule of Appellate Procedure.
II.
Scott contends that the BHA’s failure to renew his employment contract based on his age, in violation of G.L.c., 151B, requires that prejudgment interest be calculated from August 28, 1987, the date of the BHA’s failure, or alternatively, from February 5, 1988, the date he filed his complaint with the MCAD. This court disagrees. G.L.c 231, §6B provides that “(i]n any action in which a verdict is . . . made for pecuniary damages for personal injuries to the plaintiff. . . there shall be added by the clerk of the court to the amount of damages interest thereon . . . from the date of commencement of the action . ..” G.L.c. 231, §6C provides that “(i]n all actions based on contractual obligations . . . interest shall be added by the clerk of the court to the amount of damages ... from the date of the breach or demand . . .” if such date is established.
In its verdict, the jury awarded Scott damages for employment discrimination. Prejudgment interest on a damage award arising from employment discrimination is calculated from the date when the action is commenced in the Superior Court, not the filing of a complaint with the MCAD. See Conway v. Electro Switch Corp., 402 Mass. 385, 391 (G.L.c. 231, §6B applied to employment discrimination award following suit; an award of prejudgment interest by MCAD is not based on §6B but on the Commissions’ broad authority to remedy discrimination). Moreover, as Scott aptly notes, the wrongful conduct was the BHA’s failure to renew his contract not the breach of any contractual obligation. The original employment agreement was fully performed and BHA owed no contractual obligation to renew Scott’s employment. And in the absence of a contractual obligation there can be no breach. Accordingly, prejudgment interest must be calculated from September 26, 1988, the date on which this action was commenced in Superior Court. This prejudgment interest shall be added to the principal damage award for purposes of calculating postjudgment interest. See Reporter’s Notes to Mass.R.Civ.P. 54(f); see e.g. Boston Edison v. Tritsch, 370 Mass. 260, 266 (1976).
Scott also urges compounding of any interest to his award of damages. Although it is within the discretion of the court to compound interest; see e.g. Chokel v. First National Supermarkets, Inc., 421 Mass. 631, 645 (1996); Sarrouf v. New England Patriots Football Club, Inc., 397 Mass. 542, 551 (1986); this court declines to do so in the circumstances of this case. Inasmuch as compounded interest effectuates the “legislative purpose that each employee be free from discrimination in employment practices,” School Committee of Brockton v. Massachusetts Commission Against Discrimination, 377 Mass. 392, 399 (1979), so too does a juiy’s ability to award multiple damages under G.L.c. 15 IB, §§5, 9. Here, the jury doubled Scott’s damage award against both defendants for employment discrimination. The statute’s legislative ends have been *579 adequately served. Simple interest is therefore appropriate.
Finally Scott seeks attorneys fees and cost incurred in opposing the BHA’s application for further appellate review and his motion now before the court. In the circumstances of this case, the request is proper, and the court awards Scott his reasonable attorneys fees in the amount of $5,100 and his costs of $68.65.
ORDER
For the forgoing reasons, the Plaintiffs Motion for Final Judgment After Rescript is ALLOWED in part and DENIED in part. Prejudgment interest at the statutory rate of twelve per cent per annum, not compounded, shall be calculated from February 26, 1988. Prejudgment interest shall be added to the damage amounts award as set forth in the final judgment, and postjudgment interest of twelve per cent per annum shall accrue from the date of entry of final judgment until such time as the judgment is satisfied in full. Scott shall also recover attorneys fees in the amount of $5,100 and costs of $68.65.

Even assuming the the failure to include interest was a mistake, it was a clerical one at best and therefore subject to remedy by motion under Rule 60 of Massachusetts Rules of Civil Procedure. O'Malley v. O’Malley, 419 Mass. 377, 380 (1995).