Leary, J.
After a bench trial in this motor vehicle tort action, the defendant/ appellants, Reuben Tondreau (Tondreau), and Veras, Inc. (Veras), raise two issues on appeal: (1) “[wjhether the Trial Court abused its discretion when it admitted medical records into evidence that were never produced, certified or subpoenaed”; and (2) “[wjhether the Trial Court improperly calculated interest and entered erroneous judgment.”
William Rivera (Rivera) was involved in a motor vehicle accident on November 11,1994, when the vehicle he was operating collided with a taxicab operated by the defendant Tondreau. Tondreau’s taxi was owned by the defendant Veras, Inc. (Veras). Another taxicab, operated by the defendant Jean Accino (Accino), was also involved in the accident. Accino’s taxicab was owned by the defendant M and An Cabs, Inc. (M and An Cabs). Rivera filed a complaint against five defendants on March 20, 1995, alleging that Tondreau and Accino caused the accident by engaging in a race with their taxis. Rivera also sought damages from Veras and M and An, as well as Edward Tutujian, the owner of both corporate defendants, under a “piercing the corporate veil” theory of liability.
On August 18,1997, Rivera filed a motion to amend the complaint to add his mother, Maria Carrasquillo, as plaintiff because she had become his guardian. On September 25,1997, the plaintiffs filed a second motion to amend the complaint, this time adding James Miller (Miller), as a plaintiff. Miller was a passenger in the taxi operated by Tondreau at the time of the collision. This second motion was unopposed and was allowed on September 30,1997. Thereafter, plaintiffs’ counsel failed to attend a status conference and on April 9, 1998, the case was dismissed for lack of prosecution.
In March, 1999, Miller, acting alone through new counsel, filed a motion to vacate the judgment of dismissal on grounds that previous counsel inadvertently misconstrued the scheduling order to relate only to the Rivera claims. This motion was denied. Miller sought reconsideration of the motion to vacate the dismissal and on June 21, 1999, the motion was allowed by a different judge. Although Miller’s motion to reconsider was allowed, the court’s order *22 stated that “any pre-judgment interest warranted here is tolled from April 7, 1998 to this date.”[2]
The case was remanded to the Boston Municipal Court on May 16, 2000. On May 6, 2002, the case was scheduled for trial, but Miller did not appear and the case was dismissed. On August 12,2002, Miller filed a motion for relief from judgment which was denied on August 29, 2002. On March 11, 2003, Miller filed a motion to “clarify, correct or modify” the court’s order denying relief from judgment. This motion was allowed and a trial date was scheduled for July 28,2003. On Friday, July 25, 2003, the defendants received copies of medical records from Miller relating to services performed in 1995 that he had not previously produced (“1995 medical records”). Trial was delayed briefly and held on Thursday, July 31, 2003.
The defendants filed a motion in limine on the day of trial requesting the court to prohibit Miller from introducing thel995 medical records into evidence because they were not provided pursuant to discovery requests made pursuant to Mass. R. Civ. R, Rule 34, nor the notice requirements found in G.L.c. 233, §79G. The trial judge offered to continue the trial for a brief period in order to give the defendants additional time to review the records, but they declined. The motion was taken under advisement and the trial was held on July 31,2003. On August 22, 2003, the court denied the defendants’ motion to exclude the 1995 medical records.
On August 28, 2003, the court issued findings of fact and rulings of law. The court found in favor of Miller against the defendants Tondreau and Veras and awarded damages in the amount of $15,000. The court reduced the judgment by $2,000 in recognition of PIP benefits received by the plaintiff, reducing the award to $13,000. The court also found that Miller had not met his burden of proof with respect to defendants Accino and M and An Cabs, Inc. and judgment entered in their favor.
On November 10, 2003, the court allowed a motion of Tondreau and Veras for separate and final judgment. On November 11, 2005, the clerk computed interest and costs and judgment entered in the amount of $26,869.10. The prejudgment interest was calculated pursuant to G.L.c. 231, §6B, as of March 20,1995, the date Rivera first filed the complaint in Superior Court, and this amounted to $13,501.60 of the total judgment. Tondreau and Veras thereafter filed a notice of appeal seeking review of a number of issues, although their appellate brief and argument are limited to the two following issues: (1) whether the trial court abused her discretion in admitting the July 25, 2003 medical records into evidence, and (2) whether the interest was improperly calculated.[3]
Admission of the Medical Records into Evidence
The defendants first argue that the 1995 medical records should not have been admitted into evidence because they were not produced in response to the defendants’ discovery requests. Mass. R. Civ. R, Rule 34, governs the production of doc *23 umentary evidence and states that one party may serve another with a request to produce documents “which are in the possession, custody or control of the party upon whom the request is served.” Such a request was made by the defendants to Miller in January, 1998, when they asked for, among other documents, copies of medical records relating to injuries caused by the accident. In response, Miller produced copies of medical records relating to treatment received on November 11 and 15,1994 and December 13, 1994. The defendants argue that when Miller produced the 1995 medical records, he violated Rule 34 by not serving them earlier. The documents produced by Miller in 1998 include insurance benefits notices from Miller’s health insurer relating to medical services performed on the defendant from the date of the accident throughout 1995. Although most of these notices from 1995 reflect office visits, three notices reference a date of June 9, 1995, and indicate that outpatient surgery was performed on that day. These notices contain descriptive terms such as “outpatient surg,” “anesthes,” and a reference to a Dr. Koche and put the defendants on notice that the plaintiff may have received some additional treatment beyond his hospital visits in November and December, 1994. It does not appear from the record that the defendants sought to discover more information about the services referenced in these notices. There is no indication that the defendants deposed Miller or his physicians, and although there is discussion throughout the trial transcript about interrogatories answered by Miller, there is no evidence that these interrogatories asked Miller to describe his treatment or that he improperly answered an interrogatory by failing to disclose treatments he received after December, 1994. In addition, if the defendants believed that Miller was in possession of documents relating to treatment he received in 1995, they could have sought a court order pursuant to Mass. R. Civ. P, Rule 37, compelling production of them. See Mass. R. Civ. R, Rule 34(b).
The defendants also argue that Miller was required to seasonably produce the 1995 Medical Records as a supplement to their document requests. Rule 26 governs the duty to supplement discovery and states that “a party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired.” Rule 26 includes exceptions to this general rule, but the defendants do not provide any evidence that these exceptions apply here.[4] Moreover, any prejudice suffered by the defendants was addressed when the trial judge offered to continue the trial so the defendants could review the 1995 Medical Records. The trial judge’s findings of fact state that each defendant declined the court’s offer of additional time to review these records.
Records As Hearsay
The defendants next argue that any records produced by Miller should not have been admitted into evidence because Miller failed to properly follow the statutory requirements that would create an exception to the hearsay rule. General Laws c. 233, §79G, allows medical records, reports and itemized bills to be offered into evidence as an exception to the hearsay rule if they are sworn to by the care provider and if written notice of the intention to offer these documents is sent by certified mail to the opposing party not less than ten days before the documents *24 are sought to be introduced into evidence. There is no question that Miller did not serve the written notice required by Section 79G and that the records are not admissible under this statute.
Nevertheless, G.L.c. 233, §79, provides another exception to the hearsay rule and states that hospital records that are certified by their custodian to be true and accurate and delivered to the court pursuant to a subpoena may be admitted by the court in its discretion. Unlike §79G, there is no requirement that notice be given to any other party. At trial, Miller’s counsel represented to the trial judge that he served the hospital that treated Miller with a trial subpoena for production of its records and that the hospital had not yet produced them to the clerk’s office. After a recess during the trial, Miller’s counsel further told the trial judge that he had contacted the hospital and was told that they received the subpoena and had already mailed the documents to the court. At the close of Miller’s case, the trial judge asked Miller’s counsel if he would provide the court with a set of the records that could be used until the certified documents from the hospital arrived and a set was provided. There was no objection at that time from the defendants. Although it would have been preferable for Miller to plan ahead to ensure that the records would be in court for trial, we cannot say that the trial judge abused her discretion when she allowed the introduction of the plaintiff’s records.
Preiudgment Interest Awarded Pursuant to G.L.c. 231. 86B
The defendants challenge the award of prejudgment interest that included amounts accrued from March 20, 1995, the date the case was commenced, through September 30,1997, the date Miller was added as a plaintiff. The defendants claim that Miller is not entitled to the accrual of interest during the time he was not a party to this case.[5] The defendants claim that awarding such interest provides Miller with an “undeserved windfall.”
Prejudgment interest in tort cases is awarded pursuant to G.L.c. 233, §6B, which states:
In any action in which a verdict is rendered or a finding made or an order for judgment made for pecuniary damages for personal injuries to the plaintiff or for consequential damages, or for damage to property, there shall be added by the clerk of court to the amount of damages interest thereon at the rate of twelve per cent per annum from the date of commencement of the action even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law.
The purpose of G.L.c. 231, §6B, “is to compensate for the delay in the plaintiff’s obtaining his money.” Mirageas v. Massachusetts Bay Transportation Authority, 391 Mass. 815 (1984). In the case cited by the defendants in support of their position, St. Paul Lines Insurance Company v. Feingold & Feingold Insurance Agency, Inc., 427 Mass. 372 (1998), interest was not calculated from the date the lawsuit was filed because the plaintiffs damages did not begin to accrue until after litigation commenced. The case at bar is distinguishable because, unlike the plaintiff in St. Paul, Miller’s injuries existed at the time the complaint was filed.
*25 More germane to a resolution of this issue is Mass. R. Civ. P., Rule 15(c), which states, ‘Whenever the claim asserted in the amended pleading arose out of the ... occurrence set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.” This rule is applicable here. See Walsh v. Curio, 358 Mass. 819 (1971) (additional plaintiffs were properly added to the case even though their claim would be time-barred if commenced in separate action). The calculation of prejudgment interest pursuant to G.L.c. 231, §6B, from the date of the original complaint was therefore appropriate.
The defendants also argue that interest should have been tolled during the time Miller allowed this case to lapse by dismissal, arguing that the Superior Court judge’s order that the prejudgment interest would be tolled from April 7, 1998 to June 21, 1999, should have been observed. We do not find support in Massachusetts law for a piecemeal calculation of prejudgment interest. Se,e e.g., Charles D. Bonanno Linen Service, Inc. v. McCarthy, 550 F. Supp. 231, 247-248 (1982) (where the federal district court denied the defendants’ request to reduce the prejudgment interest award to compensate for a four-month postponement of a case conference attributed to plaintiff’s counsel, stating that Massachusetts law “‘unequivocably’ provides for interest from the commencement of the action to the date of judgment.” (quoting Carey v. General Motors Corporation, 377 Mass. 736, 746 (1979)); College Town, Division of Interco., Inc. v. Massachusetts Comm’n Against Discrimination, 400 Mass. 156, 170 (1987) (citing Bonanno with approval); cf. Conway v. Electro Switch Corp., 402 Mass. 385, 391 (1988). The cases cited by the defendants concerning this issue come from other jurisdictions where interest is not governed by statute, but rather, is established by common law principles or by court rule. We see no reason to depart from the reasoning of Bonanno. The award of interest is therefore affirmed.
The judgment of the trial court is hereby affirmed.

 According to the record on appeal, only Miller’s claims remained active from this point forward.

 Since the remainder of the issues raised in the defendants’ notice of appeal were not addressed in their appellate brief, they are deemed waived. Dist./Mun. Cts. R. A. D. A., Rule 16(a) (4). In addition, Miller argues in his reply brief that the deduction by trial court of $2,000 from the damage award due to Personal Injury Protection payments made to Miller was improper because Miller never received this payment, and requests that the judgment be amended. As the record does not reflect that Miller reserved this issue for appeal by filing either a notice of appeal or a notice of cross appeal pursuant to Dist./Mun. Cts. R. A. D. A., Rules 3 or 4, we will not address this issue. See e.g., Plavin v. Lutts, 2000 Mass. App. Div. 58.

 These exceptions create a duty to supplement a discovery response when: (1) the opposing party has posed a question directly addressed to the identity and location of people who have knowledge of discoverable matters or addressed to the identity and expected testimony of an expert witness; (2) a response must be corrected because it was incorrect when made or because it is no longer correct and failing to amend would be a knowing concealment; or (3) the court orders supplementation or supplementation is required due to an agreement of the parties.

 The defendants claim that the trial judge did not direct how prejudgment interest was to be calculated. Prejudgment interest is added by the clerk to the damage awarded by the court. Such interest automatically attaches to the damage award, and “need not [be] mentioned by the court.” O’Malley v. O’Malley, 419 Mass. 377, 381 (1995) (citing McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 716-717 (1990)).