O’Shea, J.
Plaintiff Edward Pires (“Edward”) brought this action in the New Bedford District Court seeking damages for the breach by defendant Irene Pires (“Irene”) of a 1987 contract (“1987 agreement”) for the division of registered land and buildings at 453 (“453 House”), 471 (“471 House”), and 479 (“479 House”) American Legion Highway in Westport (“the property”). Edward also sought possession of the 471 House and unpaid rent from Eric Pires (“Eric”). Upon the allowance by the Chief Justice for Administration and Management of the parties’ request for an interdepartmental judicial assignment to consolidate this case and other pending actions by the parties, a judge of the Land Court Department was specially assigned to sit as a judge of the District Court Department and the Housing Court Department to hear the consolidated actions.
After a jury-waived trial of those actions, judgment was entered in favor of Edward against Irene for breach of contract, and against Eric for $5,161.29 in unpaid rent. Irene was required to purchase Eric’s interest in the property and to divide the land pursuant to the 1987 agreement between the parties. The trial court clerk added interest to the court’s award, and entered judgment. Edward filed a motion to amend judgment, which was denied. After Edward filed a notice of appeal, the trial judge ordered judgment to be entered without interest. Edward now argues on this appeal that the trial court erred in failing (1) to assess damages against Irene after finding that she had breached the parties’ contract, and (2) to include prejudgment interest on the damages assessed against Eric.
The facts as found by the trial judge in his September 25, 2009 decision are that the property was owned in the spring of 1987 by Francisco Pires (“Francisco”) and *24 his brother Joseph Pires (“Joseph”), each of whom held an undivided 8/ 18ths interest in the property. The remaining 2/18ths interest was held by their sister, Mary Pires (“Mary”). The three siblings held the property as tenants in common. Mary eventually sold her interest to Francisco and Joseph as tenants in common. Francisco’s son, Edward, took up residence in the 453 House. On March 30,1982, after Joseph threatened to evict his nephew, Edward, Francisco conveyed a 4/18ths interest in the property to Edward. Edward was made a tenant in common, and was to hold the property in trust for the benefit of Francisco.
In 1987, another disagreement arose between Francisco and Joseph when the two brothers were having financial trouble. Joseph brought an action to partition the property. But on September 8,1987, Francisco and Edward obtained a $220,000.00 mortgage on the property, and bought out Joseph’s interest. A deed was executed on that date and accepted for registration. A certificate of title recited that Francisco held an undivided 5/18ths interest and Edward held an undivided 13/18ths interest. Edward paid $226,714.86 on the date of the closing.
Prior to the actual purchase of Joseph’s interest, an agreement was executed on July 2, 1987 (the “1987 agreement”) by Francisco, his wife, Irene, Edward, and Edward’s wife, Susan Pires (“Susan”) relative to the purchase. The agreement stated:
[I]t is intended that the property will be divided as follows:
a. Francisco Pires will be sole owner of the land which includes his present residence and the large garage next to it.
b. Edward Pires will be sole owner of the other two residences including the one he presently occupies and the one presently occupied by Joseph Pires and the small garage next to Joseph Pires’ present residence.
c. The remainder of the land will be divided by Francisco Pires and Edward Pires as they will mutually agree but with each owning his own share separately and exclusively. It is the intent of the parties that Francisco Pires will be the sole exclusive owner of approximately one half and that Edward Pires wall be the exclusive owner of the other one half overall.
Following the buyout of Joseph’s interest, Francisco and Irene resided in, and paid real estate taxes on, the 479 House. Edward paid the real estate taxes on the 453 and 471 Houses, occupied the 453 House, and leased the 471 House to Eric. Francisco died on October 6, 1996 and left his interest in the property to Irene. A new certificate of title was issued on May 13,2002 by the Bristol County registry district of the Land Court to show that Irene held Francisco’s undivided 5/18ths interest.
In March, 2001, Edward ordered Eric to vacate the 471 House that he had been renting for $500.00 per month. Eric refused to move out and continued to occupy the house, but stopped paying his rent in September, 2001. To prevent Eric from being evicted by Edward, Irene deeded l/18ths of her 5/18ths interest in the property to Eric on April 30, 2002.
The trial court found that Irene breached the 1987 agreement by conveying l/18ths of her interest in the property to Eric, and ordered her to repurchase Eric’s *25 interest and to divide the land in accordance with the 1987 agreement. As noted, the court also awarded Edward $5,161.29 in damages against Eric for his unpaid rent.
1. Edward’s initial argument on this appeal is that the trial court erred in failing to award him damages for Irene’s breach in addition to specific performance. He contends that such damages are warranted because Irene’s conduct has deprived him of Eric’s rent since July 11,2002, and will continue to so deprive him until Irene purchases Eric’s l/18th interest and Edward obtains possession of the property. Conversely, Irene and Eric argue that Edward is not entitled to compensatory damages that he could have avoided; and that, because the property has never been divided, Edward is also in breach of the 1987 agreement and cannot recover damages.
There is no question that the trial court had the requisite jurisdictional authority to order specific performance in this case.[3] Further, “[t]he fact that the plaintiff has a remedy in damages shall not bar an action for specific performance of a contract ... if the court finds that no other existing remedy, or the damages recoverable thereby is in fact the equivalent of the performance promised by the contract relied on by the plaintiff, and the court may order specific performance if it finds such remedy to be practicable. If performance is not ordered, damages may be determined in the proceeding....” G.L.c. 214, §1A.
Specific performance is appropriate where, as in this case, an adequate remedy at law is unavailable, and the advantage gained will not be disproportionate to the “practical burdens of enforcement.” Atlantech Inc. v. American Panel Corp., 540 F. Supp. 2d 274, 285 (D. Mass. 2008). Given the terms of the 1987 agreement, an adequate remedy at law was unavailable, and the advantage of partitioning the property pursuant to the agreement outweighed any practical burdens. Granting specific performance in cases involving real property is often more equitable than allowing damages. See Greenfield Country Estates Tenants Ass’n, Inc. v. Deep, 423 Mass. 81, 88 (1996). While damages were a possible remedy in this case under G.L.c. 214, §1A, the court acted within its authority in finding that the damages alleged were not equivalent to the contract performance, and were not required once specific performance was ordered. According due deference to the trial judge’s equitable decision, we conclude that there was no error in the court’s refusal to grant an additional remedy to Edward in the form of damages against Irene for Eric’s breach of his tenancy agreement with Edward.
2. The trial judge erred, however, in refusing to include prejudgment interest in his assessment of damages against Eric for unpaid rent.
As noted, the trial judge found that Eric had breached the parties’ rental agreement beginning on September 1, 2001, the date on which Eric stopped paying rent to Edward, and assessed damages of $5,161.29 for unpaid rent from September 1, 2001 to July 11, 2002. The trial court clerk correctly added prejudgment interest of $5,015.93 to that award pursuant to G.L.c. 231, §6C, which provides in relevant part: *26 “In all actions based on contractual obligations... interest shall be added by the clerk of the court to the amount of damages ... at the rate of twelve per cent per annum, from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added... at the rate of twelve per cent per annum from the date of the commencement of the action.” The statute is clearly applicable to Edward’s contractual claim for unpaid rent. It is well established that “a residential lease is a contract between a landlord and a tenant.” Jablonski v. Casey, 64 Mass. App. Ct. 744, 746 (2005). See also Wesson v. Leone Enters., Inc., 437 Mass. 708, 717 (2002); Boston Hous. Auth. v. Hemingway, 363 Mass. 184, 198 (1973). Section 6C applies to “all actions of contract,” Town of Lexington v. Bedford, 378 Mass. 562, 576 (1979).[4]
Second, the trial court clerk correctly calculated §6C prejudgment interest from the date of Eric’s breach rather than from the date of the commencement of this action. Generally, “ [establishing the date of breach or demand is a determination for the trier of fact, and, where trial has proceeded before a jury, neither the judge nor an appellate court can make such a determination.” Deerskin Trading Post, Inc. v. Spencer Press, Inc., 398 Mass. 118, 125 (1986). But the trial judge in this case had made a specific finding that Eric’s breach occurred on September 1, 2001, the date when he stopped paying rent to Edward. That finding warranted the clerk’s ministerial addition of interest, see O’Malley v. O’Malley, 419 Mass. 377, 379-381 (1995), from the date of Eric’s breach even without a specific directive from the trial judge to calculate and add that interest to the judgment. Id. at 381. Thus, the trial judge should not have ordered a deletion of interest from the judgment entered by the clerk.
Accordingly, the trial court’s judgment for specific performance against Irene Pires is affirmed. The judgment against Eric Pires is vacated, and the denial of Edward Pires’ request for prejudgment interest is reversed. The trial court clerk is directed to recalculate prejudgment interest from the September 1,2001 date of Eric Pires’ breach, and to enter a new judgment in favor of Edward Pires and against Eric Pires that includes said interest.
So ordered.

 Where an equitable remedy is available, the District Court “shall have the same equitable powers and jurisdiction as is provided for the superior court pursuant to chapter 214 ... for the purpose of the hearing and disposition of summary process actions and of civil actions for money damages.” G.L.c. 218, §19C.

 Edward incorrectly based his claim for prejudgment interest on G.L.c. 231, §6H, which provides that “[i]n any action in which damages are awarded, but in which interest on said damages is not otherwise provided by law, there shall be added by the clerk of court to the amount of damages interest thereon ... to be determined from the date of commencement of the action” (emphasis added). This is not a case in which “interest... is not otherwise provided bylaw” because G.L.c. 231, §6C specifically provides for interest on contract claims. The trial court clerk correctly based his computation of prejudgment interest on §6C.