JOAN OSBORNE & another[1] *vs.* JOSEPH BIOTTI, JR.,
& others,[2] trustees, & another.[3]

Essex.   November 10, 1988. — February 13, 1989.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Civil,* Costs. *Interest. Words,* "Judgment for the payment of
money."

In a civil action, an award of costs to the prevailing party is a "judgment for
the payment of money" within the meaning of G. L. c. 235, § 8, and
Mass. R. Civ. P. 54 (a), and, as such, bears interest from the order's
date of entry to the date of execution. [113-117]

A judge erred in allowing a motion to amend a writ of execution on an award
of costs so as to delete interest. [118]

CIVIL ACTION commenced in the Superior Court Department
on July 14, 1982.

A motion filed October 7, 1987, to recall and amend a writ
of execution was heard by *John P. Forte,* J., sitting under
statutory authority.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Loyd M. Starrett (Ann E. Johnston* with him) for the defend-
ants.

*Mary P. Harrington* for the plaintiffs.

HENNESSEY, C.J. The sole issue before us is whether the
defendants, Joseph Biotti, Jr., Gilbert P. Leonard, and Paul
F. Lorenz, as the trustees of the Masconomo Realty Trust (here-
inafter collectively Masconomo), are entitled to postjudgment
interest on an award of costs. Masconomo appeals from a Supe-

---

[1] James Osborne.

[2] Gilbert P. Leonard, and Paul F. Lorenz, who, with Biotti, are trustees
of the Masconomo Realty Trust.

[3] The board of selectmen of Manchester, which is not a party to this appeal.

rior Court judge's allowance of a motion to recall a writ of execution previously issued to Masconomo which provided for interest on an award of costs. We transferred the appeal to this court on our own motion, and now reverse.

The plaintiffs, Joan and James Osborne (Osbornes), were unsuccessful in the negligence action underlying this appeal. After the judgment for the defendants in that action was affirmed, *Osborne* v. *Selectmen of Manchester*, 18 Mass. App. Ct. 1108 (1984), Masconomo sought to recover costs in excess of $50,000, which it incurred for service of process, deposition transcripts, trial transcripts, expert witness fees, and other court fees. In March, 1985, a judge sitting in the Superior Court granted Masconomo's motion for costs in the amount of $25,000, and ordered the Osbornes to pay this amount within thirty days. This order, however, was not entered on the docket, and the parties were not notified until May, 1986, over one year later, when the judge directed that the order be filed nunc pro tunc to March 29, 1985.

The Osbornes' appeal challenging this order for costs was unsuccessful, *Osborne* v. *Selectmen of Manchester*, 24 Mass. App. Ct. 1111 (1987), and in September, 1987, the Superior Court issued a writ of execution to satisfy the award. The writ, which was in the amount of $32,340.41, included interest on the $25,000 award of costs from March 29, 1985. The Osbornes then filed a motion to recall and amend the writ of execution to delete the interest. Their motion was granted, and Masconomo appealed.[4]

Masconomo argues that statutory language and public policy justify ruling that an order awarding costs bears interest from the date of the order. We agree.

General Laws c. 235, § 8 (1986 ed.), provides that "[e]very judgment for the payment of money shall bear interest from

---

[4] Masconomo has received payment of its $25,000 award of costs from the Osbornes. On appeal, Masconomo seeks only the interest on this award which was included in the September, 1987, writ of execution and which amounts to $7,340.41. Masconomo does not seek interest on this $7,340.41.

the day of its entry . . . ."[5] We must determine, therefore, whether an award of costs is a "judgment for the payment of money," within the meaning of G. L. c. 235, § 8. The statute is silent as to the meaning of the term "judgment for the payment of money." Given this silence, we turn to the Massachusetts Rules of Civil Procedure for guidance. *Creed* v. *Apog*, 377 Mass. 522, 524 (1979). Rule 54 (f) of the Massachusetts Rules of Civil Procedure, as appearing in 382 Mass. 821 (1980), mirrors G. L. c. 235, § 8, by providing that "[e]very judgment for the payment of money shall bear interest up to the date of payment of said judgment." Rule 54 (a) of the Massachusetts Rules of Civil Procedure, 365 Mass. 820 (1974), defines the term "judgment" to mean "the act of the trial court finally adjudicating the rights of the parties affected by the judgment, including . . . judgments entered under Rule 58 . . . upon a decision by the court that a party shall recover only a sum certain or costs." Reading rule 54 in conjunction with G. L. c. 235, § 8, strongly suggests that an award of costs is a judgment for the payment of money and, as such, bears interest.

Policy considerations support interpreting G. L. c. 235, § 8, to require that an award of costs bear interest. We have recognized the important function of the requirement that a judgment for money damages bear interest. See, e.g., *Trustees of the B. & Me. Corp.* v. *Massachusetts Bay Transp. Auth.*, 367 Mass. 57, 65 (1975); *J.J. Struzziery Co.* v. *A.V. Taurasi Co.*, 342 Mass. 113, 115-116 (1961). Because of the time value of money, a sum of money received in the future is worth less than the same sum received today. See *Trustees of the B. & Me. Corp.*, *supra*; *J.J. Struzziery Co.*, *supra*. Therefore, allowing a

---

[5] General Laws c. 235, § 8, provides, in its entirety: "When judgment is rendered upon an award of county commissioners, a committee or referees, or upon the report of an auditor or master, or upon the verdict of a jury or the finding of a justice, interest shall be computed upon the amount of the award, report, verdict or finding from the time when made to the time the judgment is entered. Every judgment for the payment of money shall bear interest from the day of its entry at the same rate per annum as provided for prejudgment interest in such award, report, verdict or finding. The warrant or execution issued on a judgment for the payment of money shall specify the day upon which judgment is entered, and shall require the collection or satisfaction thereof with interest from the day of its entry."

judgment debtor to delay payment of a money judgment, and depriving the judgment creditor of interest on the judgment during the period of delay, in effect lessens the amount of the award. *Id. Johnson* v. *Hazen*, 333 Mass. 636, 639 (1956). Disallowing interest thus harms the judgment creditor and encourages the judgment debtor to delay payment. See *Gaulin* v. *Commissioner of Pub. Welfare*, 23 Mass. App. Ct. 744, 750, *S.C.*, 401 Mass. 1001 (1987). Strong policy considerations, therefore, justify awarding interest on a judgment for money damages. See G. L. c. 235, § 8.

We believe that these considerations equally support the granting of interest on an award of costs. The judge granted Masconomo recovery of $25,000 in costs it incurred in defending against the Osbornes' claims. Masconomo was entitled to this amount as of March 29, 1985, when this order was entered.[6] If we disallow interest from the date of entry to the date of payment, not only will Masconomo receive less than it was entitled to, but the Osbornes will retain without justification the income generated by the $25,000 during the period of delay. Therefore, because rule 54 (a) includes an award of costs within its definition of judgment, and because strong policy considerations support allowing the recovery of interest on such an award, we conclude that an award of costs is a "judgment for the payment of money" under G. L. c. 235, § 8. Masconomo is thus entitled to the interest it seeks.[7]

---

[6] We discuss below the issues arising from the nunc pro tunc filing of this order.

[7] Federal courts in recent years have uniformly held that an award of costs bears interest. E.g., *R.W.T.* v. *Dalton*, 712 F.2d 1225, 1234-1235 (8th Cir.), cert. denied, 464 U.S. 1009 (1983); *Copper Liquor, Inc.* v. *Adolph Coors Co.*, 701 F.2d 542, 544 (5th Cir. 1983) (per curiam); *Devex Corp.* v. *General Motors Corp.*, 577 F. Supp. 429, 430-431 (D. Del. 1983), aff'd, 749 F.2d 1020, 1026 & n.9 (3d Cir. 1984), cert. denied sub nom. *Technograph, Inc.* v. *General Motors Corp.*, 474 U.S. 819 (1985). These courts have reasoned, as we have previously in the context of a judgment for money damages, that allowing interest on an award of costs compensates the prevailing party for any delay in payment, and encourages the losing party to satisfy the award promptly. See *R.W.T.*, *supra*. See also *Copper Liquor*, *supra*. The Federal statute under which a number of the cases were decided, 28 U.S.C. § 1961 (1982), contains language similar

We reject the Osbornes' argument that, in *Patry* v. *Liberty Mobilehome Sales, Inc.*, 394 Mass. 270, 272 (1985), we adopted the "traditional rule," which, they claim, prevents the recovery of interest on an award of costs. Although some States have ruled that an award of costs does not bear interest in the absence of express statutory authority, see, e.g., *Charlotte* v. *McNeely*, 281 N.C. 684, 696 (1972); *McAlester Urban Renewal Auth.* v. *Hamilton*, 521 P.2d 823, 825-826 (Okla. 1974), we discern no binding authority in our decisions for such a proposition. In *Patry*, we held that attorney's fees awarded in a G. L. c. 93A action do not bear interest.[8] We decline to apply this rule to an award of costs. Unlike an award of costs, an award of attorney's fees is not included in any definition of the term "judgment." See Mass. R. Civ. P. 54 (a). There is thus no suggestion in the General Laws or the rules of civil procedure that an award of attorney's fees should bear interest. See *id.*; G. L. c. 235, § 8.

Furthermore, attorney's fees are not, as the Osbornes claim, analogous to costs. Costs are out-of-pocket expenses which a litigant must pay in order to present a claim or defense. In contrast, a litigant need not necessarily pay attorney's fees immediately, and therefore may enjoy the use of this money throughout the proceeding. Because a litigant is actually deprived of the use of the money an award of costs represents, it is reasonable to grant interest on costs and not on attorney's fees. Therefore, *Patry* is not controlling in this case.

We also reject the Osbornes' policy argument in support of their contention that an award of costs should not bear interest. The Osbornes argue that awarding costs deters parties from bringing claims. According to the Osbornes, granting interest on costs will increase the total amount a losing party must pay, and thus will increase the deterrent effect of the initial

---

to G. L. c. 235, § 8, and provides that "[i]nterest shall be allowed on any money judgment . . . ." *Copper Liquor*, *supra* at 543 n.1, 544. *Devex Corp.*, 577 F. Supp. at 430-431.

[8] Because our holding concerned only attorney's fees, any intimations that costs should not bear interest were dicta. In any event, these statements were made in the context of G. L. c. 93A (1986 ed.). *Patry*, *supra* at 272.

award. By allowing interest, they claim, we risk discouraging too many parties with potentially meritorious claims.

We believe this argument is directed at the propriety of assessing costs initially, a matter which is not before us. Interest on a money judgment does not increase the value of the award over time. Granting a judgment creditor interest on a money judgment from the entry of the judgment to its satisfaction is intended to place the judgment creditor and the judgment debtor in the same position they would have enjoyed had the debtor paid the judgment promptly.[9] Granting interest therefore does not, as the Osbornes contend, increase the deterrent effect of the initial assessment of costs.

The Osbornes next argue that, even if we conclude that an award of costs bears interest, we should not apply this rule because of the special circumstances of this case. First, the Osbornes argue that they should not be required to pay interest from March 29, 1985, because they were not notified of their liability for costs until May, 1986, when the order directing them to pay was filed nunc pro tunc. We find no merit in this argument. The Osbornes' ignorance of their liability in no way alters the fact that they had use of the amount of the award throughout the period in question. We see no justification for allowing the Osbornes to avoid compensating Masconomo for this use.

The Osbornes also argue that interest should not be imposed in this case because the judge's order imposing costs was silent on the issue of interest. We disagree. The addition of postjudgment interest is an automatic, ministerial task, see *Trustees of the B. & Me. Corp.*, *supra* at 61; Mass. R. Civ. P. 54 (f), and a judge need not expressly allow it. *J.J. Struzziery Co.*, *supra* at 115. The circumstances of this case, therefore, do not warrant an exception from our conclusion that an award of costs bears interest from the date of entry to the date of execution.

---

[9] The relative positions of a judgment creditor and judgment debtor will remain the same if each party could receive a return on the amount of the money judgment which is the same as that generated by the judgment rate of interest. See G. L. c. 231, §§ 6B, 6C (1986 ed.).

We conclude that the judge erred in allowing the motion to amend the writ of execution issued to Masconomo so as to delete interest. The allowance of the motion to recall and to amend the execution is reversed. A writ of execution providing for interest on the award of costs in the amount of $7,340.41 is to be issued.

*So ordered.*