Merrick, J.
This is an appeal by the plaintiff landlord, Shepard Spunt, Trustee of the Dominion Trust (“the landlord”), of an adverse judgment in his action under a written lease of an apartment against the defendant lessee, Robin Green (“Green”), and her parents who were guarantors of the lease. The landlord sought recovery of attorney’s fees incurred by him in maintaining a civil action in Middle-sex Superior Court for a restraining order against Green and another occupant of the apartment.
In August of 1985, Green and Louise C. Miller (“Miller”) entered into a written lease with the landlord of apartment number 6 at 222 Banks Street in Cambridge. The lease was on a printed Greater Boston Real Estate Board form with some typewritten additions and a rider. The lease was for a one year term ending August 31,1987, and was renewable from year to year unless notice was given of an intent to terminate.
At some point, Miller vacated the premises and a new roommate, Rene Vander-linde (“Vanderlinde”), moved in. All parties executed an assignment of Miller’s rights to Vanderlinde. Vanderlinde later moved and in August or September, 1990, Alysa Zalma (“Zalma”) moved in as Green’s new roommate. This was done without written formality, but the landlord was aware of Zalma’s occupancy and accepted rent checks directly from her for half the rent. At no time has the landlord ever claimed that Zalma’s presence constituted a breach of the lease.
Matters continued unchanged until the beginning of June, 1991, when Green gave the required notice to terminate the lease, effective August 31, 1991. Green stated that she would be vacating the premises on July 1, 1991. On June 8, 1991, Zalma signed a letter to the landlord which requested that Zalma be permitted to stay in the apartment as Green’s “guest” and stated that Zalma would vacate the premises by August 31,1991. The text of the letter was written in a handwriting different from the signature on the letter.
Two days later on June 10,1991, Zalma, apparently having received some legal advice, wrote to the landlord repudiating her June 8, 1991 letter, suggesting that such letter had been written under duress from the landlord and claiming the status of a tenant. On June 21, 1991. the landlord filed a civil action in Middlesex Superior Court against Green and Zalma. The landlord alleged that Zalma intended to allow someone else to occupy the premises, and sought a restraining order to prevent such alleged occupancy.
On July 2, 1991, a temporary restraining order was issued which enjoined Green or Zalma from allowing the premises to be occupied by third persons without the permission of the landlord. Nothing in the record suggests that Green *28 opposed this order, or even appeared in the action. Zalma requested review of the order by a single justice of the Appeals Court, who refused her appeal. By subsequent agreement of the parties, Zalma stayed in the apartment Until September 15,1991, during which time she paid for use and occupancy.
The landlord brought this action to recover $6,846.80 in attorney’s fees incurred in the Superior Court equity action and subsequent appeal. The trial judge entered a finding for defendant Green and her guarantors.
1. The landlord claims to be aggrieved by the trial court’s admission into evidence of a regulation of the Cambridge Rent Control Board governing eviction of an “Unapproved Sub-Tenant” The regulation provides in part that an occupant of an apartment shall be deemed to be a tenant if the landlord accepts rent from that person. The landlord now argues that such regulation is irrelevant in this action. Given the landlord’s claim on this appeal that he was justified in spending $6,846.80 in legal fees in the equity action, rather than pursuing a simple summary process action because of the constraints of the Cambridge Rent Control Board, the pertinent regulation can hardly be termed irrelevant. As indicated below, the landlord failed in any event to preserve by a proper request for ruling of law the question of whether the court properly applied the regulation to determine whether Zalma was a tenant or a subtenant
2. The landlord does claim to be aggrieved by the court’s denial of his requests for rulings of law numbers 9 and 11 which stated:
9. Defendant Robin R. Green is legally responsible for the actions of or damage caused by her subtenant.
11. There was no proper yeilding [sic] up and surrender of the apartment by defendant Robin Green while her subtenant wrongfully remained on the premises.[3]
The court was not obligated to act on these requests which presented mixed questions of fact and law. Liberatore v. Framingham, 315 Mass. 538, 543-544 (1944); Crowinshield Shipbuilding Co. v. Jackman, 283 Mass. 21, 22 (1933); Iodice v. Bradco Cleaners, Inc., 1993 Mass. App. Div. 54, 56. Moreover, the requests mistakenly assume that the court was required to find that Zalma was Green’s subtenant rather than the landlord’s tenant, as the court appears to have found. Where there is knowledge of an occupant by the landlord and acceptance of rent from that occupant, the trier of fact may find a tenancy at will. Tage II Corp. v. Ducas (U.S.) Realty Corp., 17 Mass. App. Ct. 664, 667 (1984).
3. Finally, the landlord complains of the court’s denial of his request number 12 which sought the following determination:
12. The defendants are liable for costs including reasonable attorneys fees incurred by the lessor in restraining a breach of the lease by the tenant or one claiming by, through or under her.
This request also improperly presents a mixed question of fact and law, and required no action by the trial judge.
Moreover, there was no merit in the landlord’s claim for attorney’s fees herein. Under the “American Rule,” attorney’s fees are ordinarily recoverable only pursuant to statute, court rule or contractual stipulation providing therefor. Bournewood Hosp. Inc. v. Massachusetts Comm. Against Discrim., 371 Mass. *29 303, 308 (1976).[4] No statute or court rule applies herein. With respect to a contractual stipulation, the printed section 25 of the lease provides that “in the event of a default of the lessee,” she will be liable for “any loss and damage” by reason of the default or breach, including loss of rents, advertising and a list of other items which does not include attorney’s fees. At the end of the printed list, however, the following typewritten addition appears:
*0 [[Image here]]
*29 legal costs and reasonable attorney’s fees incurred by Lessor in collecting any damages hereunder or in obtaining possession of the leased premises by summary process or otherwise.
It is not claimed that Green was in default of the lease when the equity action was brought. Nor did such action enable the landlord to collect damages or obtain possession of the premises. The equity action was not one, therefore, for which the landlord was entitled to collect attorney’s fees,[5] and his request for ruling number 12 was correctly denied.
Report dismissed.

To the extent that the landlord’s brief may be viewed as arguing that the allowance of his request number 10 was inconsistent with the court’s general finding or with the denial of request number 11, such argument was waived by the landlord’s failure to call it to the trial judge’s attention by way of a motion for a new trial or a motion to correct the alleged inconsistency. Silva & Santos, Inc. v. Previte, Inc., 1993 Mass. App. Div. 173, 175.

Attorney’s fees have also been allowed in a limited number of situations under the equity powers of the Superior Court. Bournewood Hosp. Inc. v. Massachusetts Comm. Against Discrim., supra at 312-313. No fees were sought or awarded in the landlord’s equity action. The District Court Department, absent a specific statutory grant, does not have the general equity power to award such fees.

One statutory exception to the “American Rule” is G.L.c. 231, §6F which permits attorney’s fees to be awarded to a party prevailing against a claim which is “wholly insubstantial, frivolous and not advanced in good faith.” The landlord is fortunate that the statute has no application in the district courts.