Wright J.
This is a Dist/Mun. Cts. R A D. A, Rule 8C, appeal by the defendant-tenant of certain postjudgment orders in a summary process action that was tried to a jury verdict
The record indicates that in 1990, defendant Karen Tolczyk leased an apartment at 6 Centennial Place in Framingham which is owned by plaintiff Charles Moeder, as Trustee of the Su Chas Realty Trust The last rent charged the defendant for *70 the premises was $600.00 per month. In December, 1998, a dispute arose with regard to the defendants withholding of rent in response to conditions on the premises. The plaintiff claimed that he corrected all problems, but the defendant disagreed and continued rent withholding.
The plaintiff served a fourteen day notice to quit for nonpayment of rent on the defendant on August 16,1999, and commenced this summary process action on September 13,1999. After a two day trial, the jury returned a verdict for the plaintiff for possession and $9,000.00 in unpaid rent, and for the defendant in the amount of $300.00 on her counterclaim for breach of the warranty of habitability. Judgment was entered for the plaintiff in the amount of $8,700.00, plus $154.00 in costs. The defendant filed a timely notice of appeal of the denial of her motion for a directed verdict on her affirmative defense and counterclaim for retaliatory eviction. Upon motion by the plaintiff, the court ordered the defendant to post a bond in the amount of $8,700.00 and to make use and occupancy payments of $625.00 per month. The defendant thereafter filed a seasonable Rule 8C designation.
The cassette copies of the trial tape were made available on March 3,2000. Pursuant to Dist/Mun. Cts. R.A.D.A., Rule 8C(c) (1), the defendant was obligated to deliver the tapes to the transcriber within 15 days. The tapes were in fact sent, but the defendant then took the tapes back from the first transcriber some time before March 17, 2000 because she had located a second transcriber with lower rates in western Massachusetts. The defendant did not, however, deliver the tapes to the second transcriber until April 19,2000, and then only upon court order in response to the plaintiffs first motion to dismiss her appeal.
The transcript was completed on May 4, 2000 and, pursuant to Rule 8C(c) (3), should have been delivered directly by the transcriber to the trial court The defendant instead made arrangements to pick up the transcript herself, but delayed doing so until May 16, 2000. When she had foiled to file the transcript in the trial court by May 29, 2000, the plaintiff filed a motion to compel her to do so and for sanctions, including dismissed of the appeal. The motion was scheduled for hearing on June 7,2000. The defendant finally filed the transcript on June 5,2000, but foiled to appear at the motion hearing two days later. On June 7, 2000, the court allowed the plaintiffs motion, dismissed the appeal and ordered execution to issue in ten days. The defendant did not file a notice of appeal of that order.
The defendant instead submitted motions to reinstate the appeal and for a stay of execution on June 15,2000. The motions were denied on June 25,2000. On June 30,2000, the plaintiff filed a motion to release the appeal bond monies. Execution was issued on July 3,2000, and served the same day, with notice of a July 7, 2000 levy. The defendant vacated the premises on July 5,2000.
On July 12,2000, the plaintiff filed motions for attorney’s fees and to “amend the execution” to “add damages” for constable fees, six days’ use and occupancy, new locks and for a new window and frame, for which there is no explanation in the record. Copies of these motions included in the record do not bear certificates of service. The court decided the motions on the day they were filed, apparently without hearing, and awarded $425.00 in attorney’s fees “related to defendant's delay of process and delay in departing premises,” and additional “damages” of $150.00 in constable fees and $125.00 for use and occupancy. On the same day, the court released a portion ($7,400.00) of the appeal bond monies per the plaintiff’s motion.
1. There was no abuse of discretion in the denial of the defendants motions to reinstate her appeal and for a stay of execution.
The trial court judge not only had the requisite authority to dismiss the defendant’s appeal for non-compliance with procedural requirements, Associated Chirop. Serv., Inc. v. Travelers Ins. Co., 1998 Mass. App. Div. 189, 190-191, but also sufficient grounds. As our detailed recitation of the post-judgment chronology of events indicates, the defendant foiled to discharge her duty, as appellant, of expe *71 diting the appeal. McCarthy v. O’Connor, 398 Mass. 193, 199 (1986); Patten v. Mayo, 23 Mass. 657, 658-659 (1987). Her unnecessary delays unfairly prolonged each phase of the Rule 8C process, necessitating motions by the plaintiff and court intervention to compel her to take the requisite steps to perfect her appeaL “Appel-lees ... are entitled to the progress of appeals with reasonable dispatch and to some protection against purposeful stretching out of appellate proceedings.” Points East, Inc. v. City Council of Gloucester, 15 Mass. App. Ct. 722, 726 (1983). This is particularly true in summary process cases where “time is of the essence ... [because] real estate constitutes unique property and... time lost in regaining it from a party in illegal possession can represent an irreplaceable loss to the owner.” Hodge v. Klug, 33 Mass. App. Ct. 746, 755 (1992), quoting from Commentary to Uniform Summary Process Rule 1 (1980).
The defendants pro se status dining most of the postjudgment proceedings did not excuse her dilatory actions, Burnham v. Clerk of Peabody Div., 432 Mass. 1014 (2000); Boat Maintenance & Repair Co. v. Lawson, 50 Mass. App. Ct. 329, 331 (2000), and she has offered little more in the way of explanation for the delays. The defendants motion to reinstate her appeal does not even address the relative merits of that appeaL or the issue of unfair prejudice to the plaintiff-landlord. See Maciuca v. Papit, 31 Mass. App. Ct. 540, 546 (1991). In the absence of a demonstration of anything approaching “excusable neglect” see Brown v. Quinn, 406 Mass. 641, 645 (1990); Lawrence Sav. Bank v. Garabedian, 49 Mass. App. Ct. 157, 161 (2000), there was no basis for the allowance of the defendants motion to reinstate her appeaL
2. The postjudgment award of attorney’s fees to the plaintiff was error, and is hereby vacated.
Under the traditional “American Rule” generally followed in this Commonwealth with exceptions not here relevant a prevailing party is not entitled to attorney’s fees in the absence of a specific statute, court rule or contractual stipulation which provides for such recovery. Preferred Mut. Ins. Co. v. Gamache, 426 Mass. 93, 95 (1997); Curtis v. Surrette, 49 Mass. App. Ct. 99, 107 (2000); Spunt v. Green, 1994 Mass. App. Div. 27, 28. No such statute, rule or agreement is operative in this case.
The plaintiffs arguments in support of the courts award are unpersuasive and unsupported by pertinent authority. Contrary to the plaintiffs contention that attorney’s fees are “the equivalent of filing fees, constable fees and the like which are traditionally recoverable,” actual attorney’s fees are not costs.[1] Osborne v. Biotti, 404 Mass. 112, 116 (1989). Nor can the defendants vacating of the premises on July 5,2000 instead of June 30, 2000[2] be reasonably deemed to amount to what the plaintiff characterizes as conduct which so “interfere [d] with the efficient administration of justice” that attorney’s fees were warranted as a sanction. The exercise of a courts power to award attorney’s fees “in the interests of justice” for bad frith, vexatious or other oppressive conduct must be reserved only for the most “rare and egregious cases.” Police Commissioner of Boston v. Gows, 429 Mass. 14, 19 (1999). A tenants delay in vacating premises until after service of an ejectment execution is not such a case.
2. The allowance of the plaintiffs motion to “amend execution” to “add damages” for use and occupancy was error.
An execution is “a process issued from a court in which a judgment has been *72 rendered, in a civil action, for the purpose of carrying the judgment into effect” Miller v. London, 294 Mass. 300, 304 (1936). An execution may be amended to correct clerical errors for the purpose of conforming the execution to the judgment, including costs and interest, upon which it is issued. Boston v. Santosuosso, 308 Mass. 202, 206 (1941). See also Osborne v. Biotti, supra.
The plaintiff offers no statutory or case authority, however, which would permit tiie amendment of an execution to add money damages to a judgment entered upon a jury verdict rendered five months earlier. Contrary to the plaintiff’s contention, postjudgment use and occupancy charges for which the defendant remains liable under G.L.c. 186, §3 do not constitute “costs.” The latter consist of “out-of-pocket expenses which a litigant must pay in order to present a claim or defense,” Osborne v. Biotti, supra at 116, and, in the case of statutory taxable costs, generally amount to little more than nominal compensation. Waldman v. American Honda Motor Co., 413 Mass. 320, 322 (1992). Use and occupancy damages are awarded for the fair market value of the premises during the time they are occupied by a tenant at sufferance. See Lowell Hous. Auth. v. Save-Mor Furniture Stores, Inc., 346 Mass. 426, 431 (1963); Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 172, 175. The courfs amendment of the execution to add use and occupancy charges is hereby vacated.
4. The plaintiff could recover constable fees from the defendant only as authorized by statute. Strang v. Marifiote, 12 Mass. App. Dec. 91, 94 (1956). Section 17 of G.L.c. 262 provides as follows:
In the service of an execution of ejectment the fees shall be: for demand, one dollar; for delivery, one dollar; for all necessary expenses, including packing, teaming and labor; and the officer may be allowed additional compensation by an order of the court from which the execution issued.
There is no itemization or clarification of the additional amount of $150.00 for constable fees sought by, and awarded to, the plaintiff herein. The assessment of such additional costs should have been preceded by proper notice to the defendant and an opportunity for her to be heard. Mass. R. Civ. E, Rule 54(c). See also Waldman v. American Honda Motor Co., supra at 326-327.
5. Section 5 of G.L.c. 239 provides for the release to the plaintiff of appeal bond monies in summary process cases upon the entry of “final judgment” for the plaintiff. The statute provides, in pertinent part
Such bond shall also he conditioned to pay to the plaintiff if final judgment is entered in plaintiffs favor, all rent accrued at the date of the bond, all intervening rent, and all damage and loss which the plaintiff may sustain by the withholding of possession of the land or tenements demanded and by any injury done thereto during such withholding, with all costs, until delivery of possession thereof to such plaintiff.
The plaintiffs motion to dismiss the defendanfs appeal was allowed on June 7, 2000. The defendant did not file a timely notice of appeal of such dismissal within ten days as mandated by Dist/Mun. Cts. R. A D. A, Rule 4(a), and her motion on June 15,2000 to reinstate the appeal did not toll the ten daytime period. Final judgment had thus entered and the plaintiff had recovered possession of the premises prior to the courfs allowance on July 12, 2000 of the plaintiffs motion to release the appeal bond monies. There was no error.
Accordingly, the denial of the defendanfs motions to reinstate her appeal and for a stay of execution, and the allowance of the plaintiffs motion to release the appeal bond monies are affirmed. The allowance of the plaintiffs motion for additional damages for attorney’s fees and use and occupancy charges is reversed, and the courfs award of such additional damages is vacated. The courfs assessment *73 of additional costs for constable fees is vacated, and the matter is returned to the trial court for a hearing for the assessment of such fees.
So ordered.

 We are not; of course, dealing with the nominal amount for attorney’s fees which is recoverable as G.L.c. 262, §19 taxable costs by statute. See G.L.c. 262, §26.

 The plaintiff indicates that the court awarded “only those fees incurred as a result of Tolczyk’s failure to vacate by June 30,2000.” The defendant stated in her motion for a stay that she had made arrangements to move on that date. Her motion to stay was, as noted, denied.