ROBERT L. FRONK & others[1] vs. JOHN P. FOWLER & others.[2]

No. 11-P-298.

Suffolk. October 14, 2011. - February 21, 2012.

Present: MILLS, KATZMANN, & MILKEY, JJ.

*Practice, Civil,* Frivolous action, Attorney's fees, Costs, Appeal, Interest.

This court concluded that, in the circumstances of a civil action in which
    judgment entered after trial in favor of the defendants and was affirmed on
    appeal, and where the trial judge granted the defendants' postjudgment mo-
    tion for attorney's fees and costs pursuant to G. L. c. 231, § 6F, and that
    award was affirmed on appeal, postjudgment interest on the award was not
    barred by G. L. c. 231, § 6F. [328-329]
This court concluded that, in the circumstances of a civil action in which
    judgment entered after trial in favor of the defendants and was affirmed on
    appeal, and where the trial judge granted the defendants' postjudgment mo-
    tion for attorney's fees and costs pursuant to G. L. c. 231, § 6F, and that
    award was affirmed on appeal, the judge properly ordered postjudgment
    interest, pursuant to G. L. c. 235, § 8, on the § 6F award, where, at the
    point the judge ordered the interest, the award of attorney's fees and costs
    met the definition of "judgment" for purposes of G. L. c. 235, § 8
    [329-333]; further, the postjudgment interest on the award ran from the
    date the trial judge entered the § 6F award on the docket [333].


CIVIL ACTION commenced in the Superior Court Department on
March 21, 2002.

After review by the Supreme Judicial Court, 456 Mass. 316
(2010), a motion for postjudgment interest on an award of attor-
ney's fees and costs pursuant to G. L. c. 231, § 6F, was heard
by *Nancy S. Holtz,* J.

The case was reported by *McHugh,* J.

*Lawrence G. Green* (*Michael K. Sugrue* with him) for the
plaintiffs.

*Stephen H. Oleskey* (*Elizabeth Kent Cullen* with him) for the
defendants.

---

[1] Jack Saltiel and Maila L. Walter.

[2] Jeffrey A. Millman; Robert Lee Wolff, Jr.; Maple Leaf Cambridge Corp.;
and the Cambridge Company, Inc.

KATZMANN, J. The central issue on appeal is whether a judge in the Superior Court may grant postjudgment statutory interest on an award of attorney's fees and costs made pursuant to G. L. c. 231, § 6F.[3] This pure question of law is one of first impression. After many years of litigation, with the defendants prevailing on all counts, a Superior Court judge determined that "substantially all, if not all, of the plaintiffs' claims were wholly insubstantial, frivolous, and not advanced in good faith." The judge concluded that the defendants are entitled to recover postjudgment interest pursuant to G. L. c. 235, § 8,[4] on an award of more than $1.23 million in attorney's fees and costs made pursuant to G. L. c. 231, § 6F, from the date the award was entered

---

[3]General Laws c. 231, § 6F, as inserted by St. 1976, c. 233, § 1, states in pertinent part:

"Upon motion of any party in any civil action in which a finding, verdict, decision, award, order or judgment has been made by a judge or justice or by a jury, auditor, master or other finder of fact, the court may determine, after a hearing, as a separate and distinct finding, that all or substantially all of the claims, defenses, setoffs or counterclaims, whether of a factual, legal or mixed nature, made by any party who was represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith. The court shall include in such finding the specific facts and reasons on which the finding is based.

"If such a finding is made with respect to a party's claims, the court shall award to each party against whom such claims were asserted an amount representing the reasonable counsel fees and other costs and expenses incurred in defending against such claims. If the party against whom such claims were asserted was not represented by counsel, the court shall award to such party an amount representing his reasonable costs, expenses and effort in defending against such claims."

[4]General Laws c. 235, § 8, as amended through St. 1983, c. 652, § 2, states:

"When judgment is rendered upon an award of county commissioners, a committee or referees, or upon the report of an auditor or master, or upon the verdict of a jury or the finding of a justice, interest shall be computed upon the amount of the award, report, verdict or finding from the time when made to the time the judgment is entered. Every judgment for the payment of money shall bear interest from the day of its entry at the same rate per annum as provided for prejudgment interest in such award, report, verdict or finding. The warrant or execution issued on a judgment for the payment of money shall specify the day upon which judgment is entered, and shall require the collection or satisfaction thereof with interest from the day of its entry."

on the docket until the date of execution. The plaintiffs appeal. We affirm the order.

*Background.* Robert Fronk, Jack Saltiel, and Maila L. Walter (plaintiffs) brought a civil action against Jeffrey A. Millman, Robert Lee Wolff, Jr., Maple Leaf Cambridge Corp., and the Cambridge Company, Inc. (defendants), in 2002. They asserted claims for breach of contract, breach of fiduciary duty, and misappropriation of partnership opportunities. After a jury-waived trial in Superior Court, the defendants prevailed on all issues in a judgment issued on June 7, 2006, and subsequently affirmed by this court. *Fronk* v. *Fowler*, 71 Mass. App. Ct. 502 (2008) (*Fronk I*).

After the plaintiffs appealed the merits of this decision, the defendants filed a motion in Superior Court pursuant to § 6F seeking fees and costs. The trial judge granted the defendants' motion after finding that "substantially all, if not all, of the plaintiffs' claims were wholly insubstantial, frivolous, and not advanced in good faith." *Fronk* v. *Fowler*, 456 Mass. 317, 318 (2010) (*Fronk II*) (quoting Superior Court). The judge entered an award for $1.23 million in costs and fees. A single justice of this court vacated that award, but the Supreme Judicial Court ultimately reinstated it. *Ibid.*[5]

Following the trial court's receipt of the rescript, the defendants filed a motion in the Superior Court for the computation of statutory interest on the earlier Superior Court award of fees and costs. A different Superior Court judge ruled that regardless of its descriptive title, a § 6F award of attorney's fees and costs "qualifies as a 'judgment for the payment of money.' " The judge allowed the motion and entered an order pursuant to G. L. c. 235, § 8, for postjudgment interest at the statutory rate of twelve percent per annum from February 26, 2007, the date the § 6F award had been docketed. The plaintiffs appealed this order to the single justice, who reported the case to a full panel of this court.

*Discussion.* The defendants contend that an award of attor-

---

[5]After *Fronk I*, this court declined to award appellate fees and costs to the defendants. See *Fronk II, supra* at 318. In *Fronk II*, the Supreme Judicial Court remanded the order denying appellate fees and costs to this court for reconsideration. *Ibid.* On remand, this court awarded appellate fees and costs in excess of $155,000. The award of statutory interest at issue in this case does not include interest on these appellate fees and costs.

ney's fees and costs pursuant to G. L. c. 231, § 6F, qualifies as a "judgment for the payment of money," and that postjudgment interest on a § 6F award can be assessed pursuant to G. L. c. 235, § 8, which provides that "[e]very judgment for the payment of money shall bear interest from the day of its entry . . . as provided for prejudgment interest in such award, report, verdict or finding." Before considering the applicability of § 8, however, we first consider the plaintiffs' argument that § 6F does not permit postjudgment interest on an award of attorney's fees in these circumstances.

As both parties agree, § 6F does not explicitly provide for interest on an award of attorney's fees and costs to defendants who prevail against frivolous claims. The plaintiffs contend, however, that § 6F evinces an implicit intent to bar interest on the award by allowing enhanced interest in circumstances not present here. The plaintiffs argue that we should apply a principle of statutory construction known as "expressio unius est exclusio alterius" (to express one is to exclude others), arguing that the express provision for interest in one set of circumstances establishes the Legislature's intent to exclude interest in other circumstances. However, that the Legislature excluded *enhanced* interest on attorney's fees and costs where a plaintiff asserts frivolous claims does not require a determination that the Legislature intended to exclude *any* interest on such an award. *Protective Life Ins. Co.* v. *Sullivan*, 425 Mass. 615, 620 (1997) ("a maxim of statutory construction is not to be followed 'slavishly' where to do so would undermine the legislative purpose behind a statute"). Moreover, we presume that the Legislature was aware of § 8 when it enacted § 6F.[6] *Paquette* v. *Commonwealth*, 440 Mass. 121, 130 (2003) ("The Legislature is presumed to be aware of existing statutes when it amends a statute or enacts a new one"). Where, as here, another statute provided for interest, the Legislature was not required to provide a redundant provision ordering interest in awards under § 6F. Thus, the plaintiffs' arguments pursuant to § 6F fail, and we turn to an analysis under § 8.

Section 8 of G. L. c. 235 states that, "[w]hen judgment is rendered upon . . . the finding of a justice, interest shall be

---

[6]Section 8 was originally enacted in 1847 by St. 1847, c. 153, while § 6F was originally enacted in 1976 by St. 1976, c. 233, § 1.

computed upon the amount of the award . . . from the time when made to the time the judgment is entered." For the award of interest here to be authorized by § 8, the relevant § 6F award below must be considered a "judgment." See *Osborne* v. *Biotti*, 404 Mass. 112, 114 (1989). Without explicitly using the term "judgment," § 6F provides that "the court shall award to each party against whom . . . claims [found to be insubstantial, frivolous, and not advanced in good faith] were asserted an amount representing the reasonable counsel fees and other costs and expenses incurred in defending such claims." As discussed in *Osborne, supra,* § 8 is silent as to the meaning of the term "judgment." The court in *Osborne,* in analyzing whether an "award of costs was 'a judgment for the payment of money' within the meaning of § 8," *ibid.,* determined that "an award of costs bears interest from the date of entry to the date of execution." *Id.* at 117. We follow the *Osborne* court and also hold that a "judgment" is "the act of the trial court finally adjudicating the rights of the parties affected by the judgment" and starts the timetable for appellate review. Mass.R.Civ.P. 54(a), 365 Mass. 820 (1974). See *Osborne, supra* at 114; *Ben* v. *Schultz,* 47 Mass. App. Ct. 808, 811 (1999).

Like a formally titled "judgment," an award of fees and costs pursuant to § 6F is subject to immediate appeal, starting the "timetable for appellate review." G. L. c. 231, § 6G.[7] Compare Mass.R.A.P. 4(a), as amended by 430 Mass. 1603 (1999)

---

[7]General Laws c. 231, § 6G, as amended by St. 1992, c. 133, § 561, states:

"Any party aggrieved by a decision on a motion pursuant to section six F may appeal as hereinafter provided. If the matter arises in the superior, land, housing or probate court, the appeal shall be to the single justice of the appeals court at the next sitting thereof. If the matter arises in the appeals court or before a single justice of the supreme judicial court, the appeal shall be to the full bench of the supreme judicial court. The court deciding the appeal shall review the finding and award, if any, appealed from as if it were initially deciding the matter, and may withdraw or amend any finding or reduce or rescind any award when in its judgment the facts so warrant.

"Any party may file a notice of appeal with the clerk or register of the court hearing the motion within ten days after receiving notice of the decision thereon. The clerk or register shall then forward the motion, the court's findings and award, and any other documents relevant to the appeal to the clerk of the court deciding the appeal who, upon receipt thereof, shall refer the matter to the court for speedy decision

(appeals may be taken from entry of judgment). Whether a § 6F award of attorney's fees and costs is "the final adjudicating act of the trial court" is a more complicated matter. This court has previously noted that "a motion brought under [§ 6F] is not part of the merits of the underlying action but is collateral to the judgment entered in that action." *Ben*, 47 Mass. App. Ct. at 813. The collateral nature of § 6F motions means that "any award granted [pursuant to § 6F] has no freestanding effect until all appeals of the underlying judgment are completed." *Id.* at 814. In the case at bar, all appeals of the underlying judgment were completed in 2008 when the Supreme Judicial Court denied further appellate review of the decision. See *Fronk* v. *Fowler*, 451 Mass. 1107 (2008). The order granting the defendants' motion for interest on the § 6F award was decided in January, 2011. The plaintiffs' separate appeal of the § 6F award was also final at the time that interest was ordered. See *Fronk II*, 456 Mass at 336. At the time that the trial court ordered interest on the attorney's fees and costs, the § 6F award in this case was final. We conclude that when interest was ordered on the § 6F award, this award met the definition of "judgment" for the purposes of § 8.[8,9] As the Supreme Judicial Court has stated, "[a] judgment will be

> and shall notify the parties of such decision, which shall be final. Any appeal to the supreme judicial court or the appeals court shall proceed according to the Massachusetts Rules of Appellate Procedure; any appeal to a single justice of the Appeals Court shall proceed under the rules for the regulation of practice before a single justice of that court. The payment of any award made pursuant to section six F shall be stayed until the completion of all appeals relating to the civil action in which the award was made."

[8]This court's determination that "[a] motion for counsel fees under [§ 6F] is not a judgment within the scope of [Mass.R.Civ.P. 59(e)]," *Ben, supra* at 814, does not preclude the result reached here because the holding in *Ben* is limited to an appeal of the denial of a *motion* under § 6F and does not consider whether a § 6F *award* can ever be a judgment. Our holding here is limited to a determination that a § 6F award can, in some circumstances, be a judgment for the purposes of interest on the award pursuant to G. L. c. 235, § 8.

[9]Since the § 6F award here was a judgment for the purposes of § 8, we need not reach the plaintiffs' argument, pursuant to *Foley* v. *Lowell*, 948 F.2d 10 (1st Cir. 1991), that the award should be incorporated into a final judgment in order for postjudgment interest to accrue. See *Troy Indus., Inc.*, v. *Samson Mfg. Corp.*, 76 Mass. App. Ct. 575, 584 n.9 (2010) ("A judge may enter a § 6F award as a postjudgment order or [the judge] *may* incorporate it into the final judgment" [emphasis added]).

treated on the footing of its substance and not of its name."
*Shawmut Community Bank, N.A.* v. *Zagami*, 419 Mass. 220,
224 (1994) (citation omitted). See *Gaulin* v. *Commissioner of
Public Welfare*, 23 Mass. App. Ct. 744, 746 & n.6, 748 & n.8,
*S.C.*, 401 Mass. 1001 (1987) ("award" of attorney's fees
ordered separately from judgment on underlying 42 U.S.C.
§ 1983 claims is like "ordinary money judgment[]" entitled
to postjudgment interest).

Relying on *Patry* v. *Liberty Mobilehome Sales, Inc.*, 394
Mass. 270, 272 (1985), and *Osborne*, 404 Mass. at 116, plaintiffs
also argue that awarding interest on attorney's fees, as opposed
to costs,[10] is improper.[11] We disagree. In *Patry*, the Supreme
Judicial Court held that "[n]o interest should have been allowed
on the amount of trial court attorney's fees. Attorney's fees are
not part of the damages suffered in a G. L. c. 93A action."
*Patry*, 394 Mass. at 272. Subsequent cases, however, have clari-
fied that *Patry* was only commenting on the availability of
prejudgment interest on attorney's fees, not the postjudgment
interest on attorney's fees that are at issue here. See *International
Totalizing Sys., Inc.*, v. *PepsiCo, Inc.*, 29 Mass. App. Ct. 424,
437 (1990); *Nardone* v. *Patrick Motor Sales, Inc.*, 46 Mass.
App. Ct. 452, 453 n.3 (1999).

Because we rule that this § 6F award of attorney's fees and
costs was a judgment for the purposes of § 8, "[t]he addition
of postjudgment interest is an automatic ministerial task and a
judge need not expressly allow it." *Karellas* v. *Karellas*, 54
Mass. App. Ct. 469, 475 (2002), citing *Osborne*, 404 Mass. at
117. The defendants are not precluded, therefore, from interest
pursuant to § 8 on the award because the judge who ordered
the original § 6F award did not mention interest. See *Osborne*,
*supra* at 117; *Karellas*, *supra* at 475.

Finally, we note that Massachusetts courts have ordered post-

----

[10]The Supreme Judicial Court affirmed postjudgment interest on an award
of costs in *Osborne*, 404 Mass. at 115.

[11]Because the holding in *Osborne* concerned only the availability of interest
on an award of costs, any portion of the opinion suggesting that interest is
unavailable on attorney's fees is dicta. See *Osborne*, 404 Mass. at 116 n.8.
Moreover, since *Patry* refers only to prejudgment interest and *Osborne* is
responding specifically to *Patry*, any dicta in *Osborne* regarding interest on
attorney's fees should be read as applying exclusively to prejudgment interest
and thus is inapplicable here.

judgment interest on an award of attorney's fees in a variety of contexts since *Osborne* and *Patry* were decided. See, e.g., *Haddad* v. *Wal-Mart Stores, Inc.*, 455 Mass. 1024, 1028 (2010) (G. L. c. 151B, § 9); *International Totalizing Sys., Inc., supra* at 436-437 (G. L. c. 93A); *Nardone,* 46 Mass. App. Ct. at 453 (G. L. c. 151B, § 9). Postjudgment interest was appropriately ordered on both costs and attorney's fees.

We turn to the statutory language in § 8 to determine when interest on the § 6F award begins to run. Section 8 provides that "[e]very judgment for the payment of money shall bear interest from the day of its entry." Interest on the defendants' § 6F award runs from February 26, 2007, the date the award of attorney's fees and costs pursuant to § 6F entered on the docket.[12] *Haddad,* 455 Mass. at 1028. "Granting a judgment creditor interest on a money judgment from the entry of the judgment to its satisfaction is intended to place the judgment creditor and the judgment debtor in the same position they would have enjoyed had the debtor paid the judgment promptly." *Osborne, supra* at 117. "[C]onsidering the time value of the dollar, the only way in which a fee award will retain its stated worth is by adding interest in order to compensate for delay in payment from that point forward." *Onofrio* v. *Department of Mental Health,* 411 Mass. 657, 660 n.4 (1992), quoting from *Foley* v. *Lowell,* 948 F.2d 10, 22 (1st Cir. 1991). If the rule were otherwise and "fees awarded as reasonable were paid after delays, net of interest, the effects as a practical matter would be to reduce those fees by indeterminate amounts without an explicable logic." *Gaulin* v. *Commissioner of Pub. Welfare,* 23 Mass. App. Ct. at 750, *S.C.,* 401 Mass. 1001 (1987).[13]

*Judgment affirmed.*

[12]Because interest was awarded under § 8 and not § 6F, we reject the plaintiffs' argument that the automatic stay provision of § 6G controls.

[13]Finally, we note that the single justice also certified a question about the appropriate forum for this appeal's initial presentation. Since interest on the § 6F award of costs and fees was granted pursuant to § 8, this case was not an appeal of the § 6F award itself and therefore not subject to appeal to the single justice pursuant to § 6G. However, the appeal is still appropriately before us because, in addition to their appeal to the single justice, the plaintiffs also filed a notice of appeal from the order allowing the defendants' motion for interest pursuant to Mass.R.A.P. 4.