SUPREME JUDICIAL COURT 
 
 H1 LINCOLN, INC.[1] vs. SOUTH WASHINGTON STREET, LLC, & others.[2]

 
 Docket:
 SJC-13651
 
 
 Dates:
 January 8, 2025 - March 11, 2025
 
 
 Present:
 Budd, C.J., Gaziano, Kafker, Wendlandt, Georges, & Dewar, JJ.
 
 
 County:
 Hampden
 

 
 Keywords:
 Interest. Judgment, Interest. Damages, Interest. Practice, Civil, Judgment, Interest, Appeal, Attachment. Lis Pendens.
 
 

  
      Civil action commenced in the Superior Court Department on December 27, 2017.
      Following review by this court, 489 Mass. 1 (2022), a motion for postjudgment interest was heard by Mark D. Mason, J.
      After review by the Appeals Court, 104 Mass. App. Ct. 256 (2024), the Supreme Judicial Court granted leave to obtain further appellate review.
      Richard E. Briansky for the defendants.
      Michael G. McDonough (John J. Egan also present) for the
plaintiff.
      KAFKER, J.  The parties in this case have been engaged in a protracted dispute over the lease of a commercial property for nearly eight years.  After multiple trials, the plaintiff prevailed and was ultimately awarded a monetary judgment of over $20 million.  The defendants paid the full amount of the judgment to the plaintiff but notified the plaintiff that they intended to exercise their appellate rights.  The question before us is whether the payment of the entire judgment terminated the accrual of postjudgment interest or whether the exercise of appellate rights constituted a condition on the payment, requiring the continued accrual of such interest.  We hold that the exercise of appellate rights does not constitute a condition on the payment of a judgment, and therefore, the judgment was fully satisfied when it was paid in full and the accrual of postjudgment interest halted upon payment. 
      1.  Factual background and procedural history.  Most of the factual details underlying this "bitter and protracted" dispute are not germane to the issue on appeal and are set forth in H1 Lincoln, Inc. v. South Wash. St., LLC, 104 Mass. App. Ct. 256, 257-259 (2024) (citation omitted).  Id. at 257.  In brief, the plaintiff brought claims against the defendants for breach of contract, breach of the implied covenant of good faith and fair dealing, and a violation of G. L. c. 93A.  The plaintiff prevailed at trial and on appeal.  See H1 Lincoln, Inc. v. South Wash. St., LLC, 489 Mass. 1, 2-4 (2022).  
      After the rescript from this court issued, the parties engaged in robust motion practice concerning the awards of prejudgment interest, postjudgment interest, and attorney's fees.  In response, a motion judge issued an order (January 10 order) confirming the judgment and amending the amount to $20,392,063.39 as of January 10, 2023.  The order states in part: 
"Upon the payment of $20,392,063.39 with a per diem interest of $4,910.98 for each day after January 10, 2023, the Parties shall take such steps necessary to dissolve the attachment and the lis pendens.[3]  
"Should the Defendants seek to reserve any rights or encumber any payment made in satisfaction of the judgment, such conditional payments shall not constitute full satisfaction of the judgment."
The defendants paid the full monetary judgment of $20,406,796.33 to the plaintiff but asserted that the "payment [was] made without waiver of any of the Defendants' appellate rights."  The defendants also requested the plaintiff dissolve the lis pendens and attachment as required by the January 10 order.[4]  The defendants subsequently appealed from the January 10 order, challenging the accrual of postjudgment interest after a payment in full directly to the plaintiff.[5]  The Appeals Court affirmed.[6]  H1 Lincoln, Inc., 104 Mass. App. Ct. at 263-267.  The defendants sought further appellate review, which we granted, limited to issues related to postjudgment interest.
      2.  Discussion.  The defendants argue that their payment of the full amount at issue satisfied the judgment, notwithstanding the exercise of their appellate rights.  They contend that the motion judge erred by ordering postjudgment interest to accrue after the defendants had paid the plaintiff in full and that it was error to review the decision of the motion judge for an abuse of discretion and affirming.  We agree. 
      a.  Standard of review.  The Appeals Court "review[ed] the judge's decision regarding termination of the accrual of postjudgment interest for abuse of discretion" pursuant to Commerce Ins. Co. v. Szafarowicz, 483 Mass. 247 (2019), and Governo Law Firm LLC v. Bergeron, 487 Mass. 188 (2021) (Governo).  H1 Lincoln, Inc., 104 Mass. App. Ct. at 264.  In both of those cases, however, this court applied an abuse of discretion standard in reviewing a motion judge's ruling on a motion to deposit funds with the court pursuant to Mass. R. Civ. P. 67, 365 Mass. 835 (1974).  See Governo, supra at 201 ("A decision on a motion to deposit funds is left to the sound discretion of the motion judge"); Commerce Ins. Co., supra at 258 (same).  Ruling on a motion to deposit funds is materially different from deciding whether a payment satisfies a judgment and therefore terminates the accrual of postjudgment interest as a matter of law under G. L. c. 235, § 8, and Mass. R. Civ. P. 54 (f), 382 Mass. 822 (1980).  Indeed, in Governo, we explained that while "[a] decision on a motion to deposit funds is left to the sound discretion of the motion judge, . . . we review de novo the judge's legal conclusion that the defendants' deposit of funds terminated the accrual of postjudgment interest."  Governo, supra.  
      Accordingly, we conclude that whether the payment at issue fully satisfies the judgment and terminates the accrual of postjudgment interest presents a legal question to be reviewed de novo.  Governo, 487 Mass. at 201.  Cf. Fronk v. Fowler, 81 Mass. App. Ct. 326, 327 (2012) ("whether a judge in the Superior Court may grant postjudgment statutory interest on an award of attorney's fees and costs made pursuant to G. L. c. 231, § 6F," is "pure question of law").  
      b.  Postjudgment interest.  General Laws c. 235, § 8, provides that "[e]very judgment for the payment of money shall bear interest from the day of its entry."  Such judgments "shall bear interest up to the date of payment of said judgment."  Mass. R. Civ. P. 54 (f).  Here, the defendants paid the plaintiff the full amount of the judgment.  They did, however, reserve the right to appeal.
      In interpreting the statutory language, we have stated that "[p]ostjudgment interest accrues daily until the judgment is fully satisfied" (citation omitted; emphasis added).  Governo, 487 Mass. at 201.  See City Coal Co. of Springfield v. Noonan, 434 Mass. 709, 717 (2001) ("Pursuant to G. L. c. 235, § 8, postjudgment interest accrues until the judgment is fully satisfied").  We have also indicated that conditional payments do not constitute full satisfaction of the judgment.  See Governo, supra at 202 ("defendants may not escape the accrual of postjudgment interest by making an offer to satisfy the judgment conditioned on a party forgoing its appellate rights").  We have not, however, expressly resolved the question whether a payment in full by a judgment debtor who intends to appeal is only a "conditional payment" -- that is, a payment that does not fully satisfy a judgment.  We conclude that a full payment of a judgment fully satisfies the statutory requirement and terminates the accrual of interest, even if the judgment debtor pursues an appeal.
      Although the statutory language does not directly address the issue, the statutory purpose is informative.  See Commonwealth v. Perez Narvaez, 490 Mass. 807, 809 (2022).  The purpose of postjudgment interest is to compensate the prevailing party "for loss of the use of money when damages are not paid on time."  Onofrio v. Department of Mental Health, 411 Mass. 657, 659-660 (1992).  It thereby places "the judgment creditor and the judgment debtor in the same position they would have enjoyed had the debtor paid the judgment promptly."  Osborne v. Biotti, 404 Mass. 112, 117 (1989).
      Postjudgment interest is not, however, meant to punish or discourage appeals.  The right to appeal is an important and necessary part of the litigation process designed to ensure that errors are corrected.  This may, of course, result in the reversal or reduction of verdicts and the restitution of payments that have already been paid in full.  See Cohen v. Murphy, 368 Mass. 144, 146 (1975).  Indeed, in Governo, 487 Mass. at 202, we recognized the importance of the appellate process by holding that "defendants may not escape the accrual of postjudgment interest by making an offer to satisfy the judgment conditioned on a party forgoing its appellate rights."  
      In sum,
"Post-judgment interest is not a punishment inflicted on a judgment debtor for exercising the right to appeal.  Instead, like pre-judgment interest, post-judgment interest is simply compensation for a judgment creditor's lost opportunity to invest the money awarded as damages at trial.  When a judgment creditor has received an unconditional tender of the money awarded, and may invest it as he chooses, there is no need for the continuing accrual of post-judgment interest" (emphasis added; footnote omitted).
Miga v. Jensen, 96 S.W.3d 207, 212 (Tex. 2002).  See Burke v. Groover, Christie & Merritt, P.C., 26 A.3d 292, 303 (D.C. 2011) ("Postjudgment interest is awarded . . . to preserve the value of a judgment upheld on appeal, and is not a sanction for exercising the right to appeal").
      Not requiring the payment of interest when the trial court judgment is paid in full, but requiring such payment when it is not, properly takes into account the trial court judgment, and thus the new status quo, the time value of money, and the right to appeal.  The plaintiff contends that it does not have full use and enjoyment of the judgment payment because the payment remains subject to risks and uncertainties of appeal, but that risk and uncertainty is necessary given the right of appeal.  The defendants respond that, when they paid the judgment, they assumed a significant financial risk in that the plaintiff might dissipate the funds before the defendants had an opportunity to prevail on appeal and thereby deprive the defendants of the ability to recover part or all of the judgment they paid, and any additional interest payment requirements would therefore be unjustified.  Of course, if that risk is unacceptable to them, the defendants may choose not to pay the judgment; but if they so choose, postjudgment interest should accumulate reflecting the trial court judgment and the time value of money that the plaintiff does not have in its possession.  However, when the judgment has been paid in full, additional interest should not be required; the plaintiff has the money in its possession consistent with the trial court's judgment.  We also recognize that requiring postjudgment interest to accrue during an appeal, even after payment is made in full directly to the prevailing party, would discourage judgment debtors who exercise their right to appeal from paying the entire judgment entered against them; they would have no incentive to do so.  This cannot be what the Legislature intended in a statute designed to encourage prompt payment.
      Finally, we briefly address the plaintiff's argument that the defendants' expectation that the attachment and lis pendens be dissolved upon payment constitutes a condition.[7]  We disagree.  The purpose of a creditor's real estate attachment is to secure payment of a judgment.  See Mass. R. Civ. P. 4.1, 365 Mass. 737 (1974) ("Subsequent to the commencement of any action under these rules, real estate . . . may . . . be attached and held to satisfy the judgment for damages and costs which the plaintiff may recover").  And a lis pendens notifies prospective purchasers of any pending litigation affecting real property.  See G. L. c. 184, § 15 (a); Debral Realty, Inc. v. DiChiara, 383 Mass. 559, 560-561 (1981).  Such instruments are no longer necessary once the judgment at issue has been paid in full.  The motion judge recognized as much when stating in the January 10 order that "[u]pon the payment of $20,392,063.39 with a per diem interest of $4,910.98 . . . , the Parties shall take such steps necessary to dissolve the attachment and the lis pendens."  Accordingly, the defendants were not seeking additional concessions from the plaintiff as a condition of payment of the judgment.  They were simply following the judge's order to take the "steps necessary to dissolve the attachment and the lis pendens."  We therefore hold that the dissolution of the attachment and lis pendens were not conditions on the payment, but rather consequences of the payment, and that the judgment was fully satisfied notwithstanding the defendants' stated expectation that the attachment and lis pendens be dissolved upon payment.
      3.  Conclusion.  We hold that where, as here, a judgment debtor unconditionally pays the full value of a monetary judgment directly to the judgment creditor, the debtor has "fully satisfied" the trial court judgment and the accrual of postjudgment interest halts upon payment, notwithstanding the debtor's appeal.  The exercise of appellate rights does not constitute a condition on the payment such that the judgment has not been satisfied and postjudgment interest continues to accrue.  So much of the January 10 order as allowed for the accrual of postjudgment interest after the defendants' payment in full is reversed.
                                          
So ordered.
footnotes

          [1] Doing business as Majestic Honda.
               [2] 849 South Washington Street, LLC; 849 South Washington Street Realty Trust; 855 South Washington Street Realty Trust; 865 South Washington Street Realty Trust; and Cooper Avenue Realty Trust.
      [3] On December 27, 2017, the same day that the plaintiff commenced this action in the Superior Court, the plaintiff filed an emergency motion for lis pendens on the disputed leasehold, which the defendants opposed.  The motion was allowed, and a memorandum of lis pendens for the property in question was recorded on February 20, 2018.  After the plaintiff subsequently prevailed at the jury and jury-waived trials, the plaintiff successfully moved for a real estate attachment in the amount of $4,187,412.62, reflecting $3,762,500 in damages, $412,673.50 in attorney's fees, and $12,239.12 in costs.  The amount of the attachment was then amended to $9,572,367.13 after the plaintiff was awarded that sum in total after a second jury-waived trial on c. 93A claims.  The attachment was again amended to reflect a change in ownership information, add additional defendants, and update the monetary amount to incorporate additional damages awarded when the c. 93A trial was reopened.  
      [4] On February 2, 2023, after the defendants paid the judgment in full to the plaintiff, but before the defendants filed their notice of appeal, the plaintiff voluntarily dissolved the lis pendens and discharged the attachment.
          [5] The same day that the defendants filed their notice of appeal, the defendants informed the plaintiff that, in their view, only "approximately $3 million" of the full payment was at issue on appeal.
               [6] The January 10 order was one of four postjudgment orders appealed by the defendants, all of which were ultimately consolidated and affirmed by the Appeals Court.  H1 Lincoln, Inc., 104 Mass. App. Ct. at 268.  The postjudgment interest issue is the only one before us. 
          [7] The defendants' e-mail message noticing their intent to pay the judgment noted, "The Court Order issued yesterday requires that you cooperate in dissolving the attachment and lis pendens upon receipt of the payment.  I will be sending drafts of a release of lis pendens and discharge of attachment later today for your review."  The message concluded by stating, "We look forward to working with you cooperatively to dissolve the attachment and release the lis pendens."